45996. KELLY v. JOHNSTON et al.
45997. KELLY v. JOHNSTON et al.
(373 SE2d 7)

GREGORY, Justice.

In 1982 after Alton Kelly filed for divorce from appellant Pauletta Kelly, Pauletta recorded a lis pendens on real property titled in Alton's name. In 1984 the recorded divorce decree provided for an equitable division by ordering that the real property be sold and the proceeds divided, 32 percent to Pauletta, 68 percent to Alton.

Alton then married appellee Lenora Kelly. In 1985 Alton sold the property to appellee Jennings but did not pay any proceeds to Pauletta. After Alton died and Lenora filed a petition for year's support, Pauletta objected, alleging that she was entitled to 32 percent of

the proceeds from the sale to Jennings.

In 1986 the probate court entered an order dismissing Pauletta's objections and affirming the appraiser's award of a year's support to Lenora. Pauletta then filed this action against Lenora, and asked the court to impose a constructive trust on the proceeds. Lenora filed a third-party complaint against Jennings, alleging that if she were found liable to Pauletta, then Jennings would be secondarily liable because he purchased with adequate notice of the lis pendens.

In May 1988 DeKalb Superior Court granted summary judgment to Lenora and Jennings. Pauletta appeals and Lenora cross-appeals.

1. (45996) A constructive trust arises with respect to property the title to which was acquired by fraud, or where although acquired originally without fraud, it is against equity that the title should be retained by the one who holds it. *Aetna Life Ins. Co. v. Weekes,* 241 Ga. 169, 172 (244 SE2d 46) (1978); OCGA § 53-12-26.

Lenora argues that the year's support award is not subject to a constructive trust because there was no allegation of fraud against her. However, we hold that the alleged fraudulent acts of Alton are sufficient to authorize equity to impose a trust upon Pauletta's share of the proceeds. The constructive trust is still enforceable even when the proceeds have come into the hands of Lenora. The proceeds were subject to the trust in the hands of Alton and the mere passage of the proceeds through the year's support proceedings does not divest equity of the power to enforce the trust under the circumstances of this case. The probate court was not authorized to set aside any year's support property that Alton did not own. To the extent 32 percent of the proceeds were subject to a constructive trust, Alton did not own them. Therefore, we reverse the grant of summary judgment to Lenora.

2. (45997) In her cross-appeal, Lenora argued that if this court reverses the granting of summary judgment to her, it should reverse the granting of summary judgment to Jennings. We disagree. There was no allegation or evidence of fraud on the part of Jennings. Lenora contended that Jennings purchased with adequate notice of the divorce decree and any amounts due Pauletta should have been deducted and given to her at that time. But even if Jennings did purchase with notice of Pauletta's interest in the proceeds, it was Alton's responsibility, not Jennings', to give Pauletta her share.[1] Therefore, we affirm the granting of summary judgment to Jennings.

*Judgment affirmed in Case No. 45997. Judgment reversed in Case No. 45996. All the Justices concur.*

---

[1] Even if Jennings is somehow liable to Pauletta, that merely affords Lenora a defense. It is not a basis for a third party claim.

DECIDED OCTOBER 20, 1988 — RECONSIDERATION DENIED NOVEMBER 9, 1988.

*Johnston & Thompson, Richard H. Johnston, Jeff F. Hollis, M. Glenn Howell,* for appellant (case no. 45996).

*Johnny W. Mason, Jr.,* for appellees.

*Johnny W. Mason, Jr.,* for appellant (case no. 45997).

*Johnston & Thompson, Jeff F. Hollis,* for appellees.