A06A1931. SCOUTEN v. AMERISAVE MORTGAGE
CORPORATION et al.
(643 SE2d 759)

MIKELL, Judge.

This appeal arises from a suit by Stephen Scouten, a terminated employee of Amerisave Mortgage Corporation (Amerisave), alleging claims under the Georgia Racketeer Influenced and Corrupt Organizations Act (RICO) and for defamation and intentional infliction of emotional distress. Because the trial court properly granted Amerisave's motion to dismiss all three of these claims, we affirm.

According to Scouten's complaint, the allegations of which we accept as true for purposes of the motion to dismiss, Amerisave engaged in a fraudulent solicitation scheme under which it advertised mortgage interest rates lower than those it was prepared to offer, and then pressured those responding to accept higher rates. When Amerisave received complaints about these practices, it allegedly resolved them through payoffs which had the effect of concealing the scheme. Scouten's complaint also asserts that Amerisave attempted to influence unnamed "witnesses" (including Scouten himself) in violation of OCGA § 16-10-93, and that when he refused to execute a declaration to be used in an unidentified legal proceeding

---

regarding Amerisave's practices, he was fired. Finally, Scouten alleges that Amerisave and its business associates "disseminated information that [Scouten] had been discharged for theft from the corporation" to unnamed Amerisave employees who had "no legitimate need to access [Scouten's] private personnel information."

Amerisave removed the action to federal court, where it filed its first motion to dismiss. After the federal court remanded the case back to the state superior court, Amerisave resubmitted its motion to dismiss, along with Scouten's response, and asked for a hearing. Through all these proceedings, Scouten never amended his complaint, and the trial court eventually granted Amerisave's motion.

1. To assert a claim under Georgia RICO, Scouten must show that his injury "flowed *directly* from the predicate offense."[1] As in *Nicholson v. Windham*,[2] which also involved a whistleblower's RICO action against her ex-employer arising from a retaliatory firing, Scouten cannot make this showing. Amerisave's fraudulent practices were not directed at him, and he was fired not as a result of those practices, but because he refused to participate in them.[3] Nor does the complaint show that Amerisave was engaged in witness tampering, since it alleges only that Scouten's discharge "was not wholly unrelated to his refusal to execute a declaration." Without a specific allegation that Amerisave threatened Scouten with the economic harm of termination with the purpose of inducing him to sign the allegedly false declaration, Scouten's witness-tampering theory also fails.[4]

2. Scouten's complaint does not allege that the Amerisave employees' false statements were disseminated outside the corporation. Therefore, Scouten cannot maintain his defamation claim.[5] He is not suing for invasion of privacy. Therefore, his allegation that fellow employees of the corporation received the information does not state a cause of action.

---

[1] (Punctuation and footnote omitted; emphasis in original.) *Nicholson v. Windham*, 257 Ga. App. 429, 430 (1) (571 SE2d 466) (2002).

[2] Id.

[3] Id. at 431 (1) (affirming dismissal of employee's RICO action arising from employer's firing of her in retaliation for her refusal to participate in a fraudulent scheme).

[4] See, e.g., *Markowitz v. Wieland*, 243 Ga. App. 151, 155 (2) (c) (532 SE2d 705) (2000) (threat of lawsuit in order to obtain recantation of testimony does not amount to RICO predicate act).

[5] See *Atlanta Multispecialty Surgical Assoc. v. DeKalb Med. Center*, 273 Ga. App. 355, 357 (3) (615 SE2d 166) (2005) (affirming grant of summary judgment to employer medical center where administrator's allegedly defamatory statement was intracorporate); see also *Galardi v. Steele-Inman*, 266 Ga. App. 515, 519-520 (2) (597 SE2d 571) (2004) (granting judgment notwithstanding the verdict in the absence of evidence that the employee hearing the allegedly defamatory statement was not authorized to receive the information).

3. Finally, Scouten's complaint does not allege or show that any Amerisave employee's conduct was "extreme" or "outrageous." Without such a showing, Scouten's claim for intentional infliction of emotional distress is defective as a matter of law.[6]

The trial court did not err when it dismissed Scouten's complaint. *Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 28, 2007 —
RECONSIDERATION DENIED MARCH 19, 2007 — 

*David E. Betts*, for appellant.
*Kilpatrick Stockton, Curtis A. Garrett, Jr., Charles M. Smith*, for appellees.

---

[6] *Peoples v. Guthrie*, 199 Ga. App. 119, 121-122 (2) (404 SE2d 442) (1991) (affirming judgment n.o.v. to defendant, and explaining that although accusations of dishonesty or lack of integrity in individual's employment may be horrifying or traumatizing, such accusations cannot amount to the intentional infliction of emotional distress).