### S07G1103. SCOUTEN v. AMERISAVE MORTGAGE CORPORATION et al.
(656 SE2d 820)

THOMPSON, Justice.

Appellant Stephen Scouten is a former employee of appellee Amerisave Mortgage Corporation (Amerisave). Alleging claims under the Georgia RICO Act and for defamation and intentional infliction of emotional distress, Scouten filed suit against Amerisave, Information Technology Force, Inc., and several Amerisave employees, all of whom he claimed defamed him by disseminating false information about his termination to Amerisave employees. The trial court granted appellees' motion to dismiss the complaint in its entirety. The Court of Appeals affirmed, holding with regard to the claim of defamation that Scouten failed to state a claim because he did not allege that the false statements were disseminated outside the corporation. *Scouten v. Amerisave Mtg. Corp.*, 284 Ga. App. 242 (2) (643 SE2d 759) (2007). Scouten applied for certiorari, which this Court granted to review the Court of Appeals' holding that Scouten

---

was required to allege dissemination outside the corporation. For the reasons that follow, we reverse.

1. It is well established that:

> [a] motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. . . . In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

(Footnotes omitted.) *Anderson v. Flake*, 267 Ga. 498, 501 (2) (480 SE2d 10) (1997). See OCGA § 9-11-12 (b) (6).

To recover for oral defamation or slander, one must prove not only the making of a slanderous statement but also publication of the slander, which occurs when the slander is communicated to anyone other than the person slandered. *Kurtz v. Williams*, 188 Ga. App. 14 (3) (371 SE2d 878) (1988). An exception to the broad definition of publication has evolved, providing that "when the communication is intracorporate, or between members of unincorporated groups or associations, and is heard by one who, because of his/her duty or authority has reason to receive the information, there is no publication of the allegedly slanderous material." Id. at 15. As subsequent cases have made clear, not all intracorporate statements come within the exception, only those statements received by one who because of his duty or authority has reason to receive the information. See *Walter v. Davidson*, 214 Ga. 187 (2) (104 SE2d 113) (1958); *Atlanta Multispecialty Surgical Assoc. v. DeKalb Medical Center*, 273 Ga. App. 355 (3) (615 SE2d 166) (2005).

2. Scouten alleged in his complaint that the defamatory statements were "disseminated to employees with no need to have access to his private personnel information." Construing these allegations most favorably to Scouten, it is possible that he could introduce evidence within the framework of the complaint establishing that defamatory statements were disseminated to Amerisave employees who had no duty or authority giving them reason to receive the information. See *Quetgles v. City of Columbus*, 264 Ga. 708 (450 SE2d 677) (1994) (on motion to dismiss for failure to state a claim, pleadings are construed in light most favorable to pleader, with all doubts

resolved in their favor). Accordingly, the complaint sufficiently states a claim for relief based on defamation, including the required element of publication, and it was error to dismiss this claim.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 28, 2008.

*David E. Betts*, for appellant.

*Kilpatrick Stockton, Curtis A. Garrett, Jr., Michael W. Tyler, James F. Bogan III*, for appellees.