## A08A1231. PERRY GOLF COURSE DEVELOPMENT, LLC v. HOUSING AUTHORITY OF THE CITY OF ATLANTA et al.
## A08A1232. BROCK BUILT, LLC v. PERRY GOLF COURSE DEVELOPMENT, LLC et al.

(670 SE2d 171)

RUFFIN, Presiding Judge.

This case arises out of the proposed redevelopment of Perry Homes, a public housing facility managed by the Atlanta Housing Authority ("AHA"). In order to bid on the project, Perry Golf Course Development, LLC and two other companies, Brock Built, LLC and Columbia Residential, LLC, formed a limited liability company, Perry Homes Redevelopment, LLC ("PHR"). PHR and AHA eventually entered into a Revitalization Agreement for the property. After various disputes, Brock Built and Columbia assumed control of PHR and entered into a Master Plan Revision with AHA that eliminated the golf course feature of the redevelopment plan, to the alleged detriment of Perry Golf. Perry Golf brought an action against AHA, Brock Built, and Columbia for specific performance, breach of fiduciary duty, defamation, breach of contract, quantum meruit, tortious interference, punitive damages, and attorney fees, and filed a notice of lis pendens against the property. Brock Built counterclaimed against Perry Golf and its controlling member, Chip Drury, and brought a third-party claim against Drury and various entities in which he had an interest. The trial court dismissed all claims among the parties. Perry Golf and Brock Built appeal and, for reasons that follow, we affirm in part and reverse in part.

On appeal from a grant of judgment on the pleadings, we conduct a de novo review of the trial court's order.[1] We must determine "whether the undisputed facts appearing from the pleadings entitle the movant to judgment as a matter of law. All well-pleaded material allegations by the nonmovant are taken as true, and all denials by the movant are taken as false. But the trial court need not adopt a party's legal conclusions based on these facts."[2] Accordingly, a motion for judgment on the pleadings "should be granted only where the pleadings disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts."[3]

---

[1] See *Southwest Health & Wellness, LLC v. Work*, 282 Ga. App. 619, 623 (2) (639 SE2d 570) (2006).

[2] (Punctuation omitted.) Id.

[3] (Punctuation omitted.) *Consolidated Pipe & Supply Co. v. Genoa Constr. Svcs.*, 279 Ga. App. 894, 896 (633 SE2d 59) (2006).

## Case No. A08A1231

1. The trial court dismissed Perry Golf's claims for specific performance against AHA and Brock Built because it found that Perry Golf was neither a party to nor a third-party beneficiary of the Revitalization Agreement between PHR and AHA, and thus could not require specific performance of the contract's terms. Perry Golf argues that this was error because "the pleadings below do not definitively foreclose Perry Golf's ability to show, through evidence produced during discovery, that it was an express and intended third-party beneficiary under the Revitalization Agreement."[4] But the intent to create a third-party beneficiary must appear on the face of a contract.[5] "In order for a third party to have standing to enforce a contract[,] it must clearly appear from the contract that it was intended for his benefit. The mere fact that he would benefit from performance of the agreement is not alone sufficient."[6] Because a third-party beneficiary may be created only by the express terms of the contract, a court does not generally consider parol evidence in its analysis.[7]

Perry Golf bases its claim that it is a third-party beneficiary of the Revitalization Agreement on the following contractual language:

> AHA and [PHR] or applicable Owner Entity will enter into a definitive ground lease agreement upon [PHR] or the applicable Owner Entity obtaining a commitment (e.g. City of Atlanta Council approval, sales contracts, etc.) from owners of Off-Site land sufficient for construction of the 18-hole golf course (the "Golf Course Ground Lease"). AHA will use good faith efforts to support [PHR's] or applicable Owner Entity's efforts and applications for zoning approvals and permits, as needed. The Golf Course Ground Lease will be effective on the date that it is signed. The Golf Course Ground Lease will provide, in part, that ... the Owner Entity shall have the option to purchase the AHA land included on the golf course. . . .

Perry Golf asserts that it can prove through extrinsic evidence that it is the "Owner Entity" referred to in this portion of the Revital-

---

[4] The Revitalization Agreement is considered a part of Perry Golf's pleadings, as it is an exhibit to the First Amended Complaint. See OCGA § 9-11-10 (c).

[5] See *Scott v. Mamari Corp.*, 242 Ga. App. 455, 457 (1) (530 SE2d 208) (2000).

[6] (Punctuation omitted.) Id.; see *Haldi v. Piedmont Nephrology Assoc.*, 283 Ga. App. 321, 322-323 (641 SE2d 298) (2007).

[7] See *CDP Event Svcs. v. Atcheson*, 289 Ga. App. 183, 186 (1) (656 SE2d 537) (2008); *Kaesemeyer v. Angiogenix, Inc.*, 278 Ga. App. 434, 437 (1) (629 SE2d 22) (2006).

ization Agreement. The only definition of "Owner Entity" in the Revitalization Agreement, however, relates to the On-Site Multifamily Rental Units phase, where the Revitalization Agreement provides for an Owner Entity made up of a general partner and a limited partner. The general partner is to be a Georgia limited partnership or limited liability company formed by PHR and the limited partner is to be AHA or its nonprofit affiliate. PHR "agrees, in cooperation with AHA, to form a Georgia limited partnership or similar entity (the 'Owner Entity') which will own the improvements which, when completed, will constitute the improvements associated with that phase. . . ."

Even the most generous construction of the Revitalization Agreement does not support a finding that it was clearly intended to benefit Perry Golf. First, while Perry Golf contends that it was unquestionably the Owner Entity that would enter into the Golf Course Ground Lease, this conclusion is inconsistent both with the definition of Owner Entity found elsewhere in the contract and with the way in which the component members of PHR were referred to in the Revitalization Agreement. In the Revitalization Agreement, Perry Golf, Brock Built, and Columbia are referred to as "members" of PHR. At best, Perry Golf may have hoped or planned to become the Owner Entity; but the Revitalization Agreement does not indicate that it was the Owner Entity. Second, even if Perry Golf were the Owner Entity to whom the Revitalization Agreement referred, the contract does not reflect that it was intended to benefit the Owner Entity. The stated purpose of the Revitalization Agreement was "to foster innovative and comprehensive approaches to the problems of severely distressed public housing developments and their residents." It contemplated changes to the contract to achieve this goal, and, indeed, provided that under certain circumstances there would be a modified golf course or no golf course at all. Accordingly, the Revitalization Agreement did not clearly indicate that Perry Golf was an intended third-party beneficiary, and we affirm the trial court's dismissal on this basis.[8]

2. Perry Golf argues that the trial court erred in dismissing its third-party beneficiary claim for breach of contract against AHA. For the reasons stated in Division 1, we find no error.

3. Perry Golf contends that the trial court erred in dismissing its claim against AHA for tortious interference with its contractual

---

[8] See *Scott,* supra; *Southeast Grading v. City of Atlanta,* 172 Ga. App. 798, 800 (1) (324 SE2d 776) (1984) (fact that contract with city contained minority business participation clause did not make minority subcontractor a third-party beneficiary of contract; there was "nothing in the contract tending to show that promises were made by the city for the benefit of [the plaintiff]").

relationship with the other members of PHR. Perry Golf alleges that "AHA directly and purposefully interfered with the fiduciary duties owed by Brock Built and Columbia, including the duty of loyalty." A tortious interference claim requires that Perry Golf allege:

> (1) improper action or wrongful conduct by the defendant without privilege; (2) the defendant acted purposely and with malice with the intent to injure; (3) the defendant induced a breach of contractual obligations or caused a party or third part[y] to discontinue or fail to enter into an anticipated business relationship with the plaintiff; and (4) the defendant's tortious conduct proximately caused damage to the plaintiff.[9]

But only "a stranger to both the contract at issue and the business relationship giving rise to and underpinning the contract" may be liable for tortious interference.[10] The trial court found that AHA "is not a stranger to the fiduciary relationship it is accused of violating" and dismissed the claim. We agree.

Our Supreme Court has stated that "all parties to an interwoven contractual arrangement are not liable for tortious interference with any of the contracts or business relationships."[11] Such is the case here. As pled by Perry Golf, "PHR was formed for the sole purpose of bidding for and carrying out the Perry Homes project with the AHA." The wrongful conduct in which AHA is alleged to have participated with Brock Built and Columbia — such as colluding to alter the structure of the Revitalization Agreement, requesting that the Atlanta Development Authority not approve a lease related to the golf course, and approving revisions to the master plan that were contrary to the Revitalization Agreement — are all directly related to the "interwoven contractual arrangement" for redeveloping Perry Homes. Therefore, as a matter of law, AHA was not a stranger to the relationship among the partners in PHR and cannot be liable for tortious interference with that relationship.[12] "Because the complaint reveals with certainty that [defendant] was not a stranger to the [contract], the trial court properly dismissed [plaintiff's] claim

---

[9] (Punctuation omitted.) *Tidikis v. Network &c., LLC*, 274 Ga. App. 807, 812 (4) (619 SE2d 481) (2005).

[10] (Punctuation omitted.) Id.

[11] *Atlanta Market Center Mgmt. Co. v. McLane*, 269 Ga. 604, 610 (2) (503 SE2d 278) (1998).

[12] See *J. Kinson Cook of Ga., Inc. v. Heery/Mitchell*, 284 Ga. App. 552, 556-557 (b) (644 SE2d 440) (2007); *Dalton Diversified, Inc. v. AmSouth Bank*, 270 Ga. App. 203, 209 (4) (a) (605 SE2d 892) (2004); *Disaster Svcs. v. ERC Partnership*, 228 Ga. App. 739, 741 (492 SE2d 526) (1997).

based on tortious interference with contract."[13]

4. Perry Golf contends that the trial court erred in dismissing its claim for breach of an oral contract against Brock Built. Perry Golf asserts that the three members of PHR entered into an oral agreement it refers to as the "Component Agreement," which provided, among other things, that Brock Built and Columbia would finance the golf course to be built by Perry Golf "out of the sales proceeds from the Single-Family Component [built by Brock Built] and an up-front payment of Three Million ($3,000,000) Dollars from Columbia" and that the Revitalization Agreement would "under any and all circumstances" include the golf course.[14] Perry Golf argues that Brock Built and Columbia, in violation of this oral agreement, intentionally excluded the golf course component, and thus Perry Golf, from the Revitalization Agreement. The trial court dismissed this claim on the grounds that the terms of the contract were too vaguely pled and that, because the contract involved an interest in real estate, it was required to be in writing.

A motion to dismiss on the pleadings should not be granted unless "the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought."[15] Given the applicable standard, we do not find at this stage of the proceedings that the oral contract as pled by Perry Golf is so vague that Perry Golf could not possibly introduce evidence within the framework of the complaint that would show it to be enforceable.[16] We agree with the trial court, however, that the alleged oral contract involves an interest in real estate. The Statute of Frauds requires that "any contract for [the] sale of lands, or any interest in, or concerning lands" must be in writing and signed in order to bind the parties.[17] The contract that Perry Golf has pled is one to pay money — some from the proceeds of land sales — and to include the golf course in the Revitalization Agreement, which would require the purchase and/or transfer of land by various entities. The payment of proceeds of land sales does not necessarily bring the contract under the Statute of Frauds.[18] But

---

[13] *LaSonde v. Chase Mtg. Co.*, 259 Ga. App. 772, 774 (1) (577 SE2d 822) (2003).

[14] The members of PHR entered into a written Operating Agreement for PHR, which provided that "[t]here are no representations, arrangements, understandings or agreements, oral or written, among the parties hereto relating to the subject matter of this Agreement, except those fully expressed herein." This Agreement was, however, declared unenforceable as between Perry Golf and Brock Built by an arbitrator.

[15] (Punctuation omitted.) *Scouten v. Amerisave Mtg. Corp.*, 283 Ga. 72, 73 (1) (656 SE2d 820) (2008).

[16] See id. at 73 (2).

[17] OCGA § 13-5-30 (4).

[18] See *Weatherby v. Barsk*, 248 Ga. App. 848, 850-851 (1) (545 SE2d 701) (2001).

the inclusion of the golf course in the Revitalization Agreement requires the acquisition of land by PHR and the use of land owned by AHA. This is an interest in real estate sufficient to require that the contract be in writing.[19]

Perry Golf argues that its substantial performance in reliance on the contract removes it from the purview of the Statute of Frauds. The Statute of Frauds does not apply "[w]here there has been such part performance of the contract as would render it a fraud of the party refusing to comply if the court did not compel a performance."[20] Perry Golf has pled that it "incurred significant time and expense in actively pursuing development of the Golf Course, including[,] without limitation: (i) approximately Two Million ($2,000,000) Dollars in golf-related costs; and (ii) approximately 6,000 man-hours during a 7 year period by its principal, Chip Drury." Again, given the applicable standard, Perry Golf has alleged part performance sufficient to raise a triable issue and thus withstand a motion for judgment on the pleadings.[21] We therefore reverse the trial court's dismissal of Perry Golf's claim for breach of an oral contract against Brock Built.

5. Perry Golf argues that the trial court erred in granting AHA's motion to cancel the lis pendens Perry Golf filed against five tracts of land owned by the AHA comprising approximately fifty-five acres. The purpose of a lis pendens is to notify prospective purchasers that land is directly involved in litigation.[22] Perry Golf contends that "[b]ecause specific performance remains a valid and appropriate remedy, the authority for the lis pendens has not been extinguished." But, as we held in Division 1, the trial court properly dismissed Perry Golf's claims for specific performance against AHA. Thus, the cancellation of the lis pendens was not error.

6. Perry Golf objects to the trial court's sua sponte dismissal of the remaining claims in the case without giving Perry Golf notice or an opportunity to be heard. But a trial court has the authority to dismiss claims sua sponte and without a hearing if it can determine

---

[19] See *Shivers v. Barton & Ludwig, Inc.*, 164 Ga. App. 490, 491-492 (296 SE2d 749) (1982) (agreement to enter into partnership for purpose of acquiring land must be in writing); *East Piedmont 120 Assoc. v. Sheppard*, 209 Ga. App. 664, 665 (434 SE2d 101) (1993) (oral joint venture agreement which contained a promise to convey land violated Statute of Frauds and was unenforceable).

[20] OCGA § 13-5-31 (3).

[21] See generally *Nacoochee Corp. v. Suwanee Investment Partners*, 275 Ga. App. 444, 447 (3) (620 SE2d 641) (2005) ("Whether there has been part performance sufficient to remove a contract from the statute of frauds is a question of fact."); *Smith v. Cox*, 247 Ga. 563, 564 (277 SE2d 512) (1981) (reversing directed verdict finding oral contract unenforceable because there was some evidence of part performance under the contract).

[22] See *Colony Bank Southeast v. Brown*, 275 Ga. App. 807, 808 (1) (622 SE2d 7) (2005).

from the pleadings that the claims cannot succeed as a matter of law.[23] The case on which Perry Golf relies, *Whitley v. Piedmont Hosp.*,[24] is distinguishable because the dismissal at issue was granted as a sanction for abusive litigation. Because the dismissal was based upon disputed evidence, the Court in *Whitley* evaluated it using a summary judgment standard, which requires "full and fair notice and opportunity to respond."[25] Here, however, the trial court "dismiss[ed] [the] lawsuit in its entirety based on the pleadings."

Nonetheless, because we review a dismissal de novo, we must determine whether the pleadings show that the claims could not succeed as a matter of law.[26] The claims that the trial court dismissed sua sponte were for: specific performance and breach of an oral contract against Columbia; and breach of fiduciary duty, defamation, quantum meruit, punitive damages, and attorney fees against Brock Built and Columbia. We address each in turn.

(a) *Specific performance against Columbia.* For the reasons given in Division 1, we agree that the specific performance claim against Columbia should have been dismissed for failure to state a claim upon which relief could be granted.

(b) *Breach of oral contract against Columbia.* For the reasons given in Division 4, we reverse the trial court's dismissal of this claim.

(c) *Breach of fiduciary duty against Brock Built and Columbia.* " 'A claim for breach of fiduciary duty requires proof of three elements: (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach.' "[27] Perry Golf has pled, and we agree, that the members of PHR were in a fiduciary relationship. Perry Golf pled a number of specific ways in which Brock Built and Columbia allegedly breached their fiduciary duty and sought to recover damages resulting from the breach. Thus, construing these pleadings favorably to Perry Golf, the trial court erred in dismissing this claim.[28]

(d) *Defamation against Brock Built and Columbia.* Defamation consists of the making of a slanderous statement and communication

---

[23] See *In re Estate of Brice*, 288 Ga. App. 449, 451-452 (1) (654 SE2d 420) (2007); *Kelley v. Lymon*, 279 Ga. App. 849, 850 (1) (632 SE2d 734) (2006); *Smith v. Adamson*, 226 Ga. App. 698, 699 (2) (487 SE2d 386) (1997).

[24] 284 Ga. App. 649 (644 SE2d 514) (2007).

[25] Id. at 656-657 (3).

[26] See *Southwest Health*, supra.

[27] *Tom Brown Contracting, Inc. v. Fishman*, 289 Ga. App. 601, 603 (1) (658 SE2d 140) (2008).

[28] See *Smith v. Germania of America*, 249 Ga. App. 587, 588-589 (1) (549 SE2d 423) (2001).

of the statement to anyone other than the entity slandered.[29] But "when the communication is intracorporate, or between members of unincorporated groups or associations, and is heard by one who, because of his/her duty or authority has reason to receive the information, there is no publication of the allegedly slanderous material."[30] Perry Golf alleges that Brock Built and Columbia made false and defamatory statements to AHA "regarding deficiencies in Perry Golf's performance under the Revitalization Plan" and "regarding Perry Golf's alleged lack of cooperation with other PHR members with respect to the development of the Golf Course under the Revitalization Plan." Construing these allegations most favorably to Perry Golf, it is possible that Perry Golf could introduce evidence within the framework of the complaint establishing that defamatory statements were made to a party not authorized to receive them, and it was error to dismiss this claim.[31]

(e) *Quantum meruit against Brock Built and Columbia.* In order to recover in quantum meruit, a plaintiff must show: (1) the performance of services valuable to the defendants; (2) either at the request of the defendants or knowingly accepted by the defendants; (3) that the failure to compensate the plaintiff would be unjust; and (4) that the plaintiff expected compensation at the time it rendered the services.[32] Perry Golf has pled that it performed a number of valuable services as part of its participation in PHR and the Revitalization Agreement, with the knowledge of Brock Built and Columbia, and that it would be unjust for it to not be compensated. While Perry Golf has not specifically pled that it expected compensation at the time it rendered these services, elsewhere in the pleadings it has asserted that it anticipated that the result of these services would be that it would build the golf course component of the Revitalization Agreement. Construing the pleadings favorably to Perry Golf, we find that it has sufficiently set forth a claim for quantum meruit and reverse the trial court's dismissal of this claim.[33]

(f) *Punitive damages.*

> Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care

---

[29] See *Scouten*, supra.

[30] (Punctuation omitted.) Id.

[31] See id. at 73-74 (2).

[32] See *Razavi v. Shackelford*, 260 Ga. App. 603, 605-606 (2) (580 SE2d 253) (2003).

[33] See *Scouten*, supra.

which would raise the presumption of conscious indifference to consequences.[34]

The tort claims which remain in the case are those for breach of fiduciary duty and defamation.[35] Perry Golf alleges that Brock Built and Columbia "have behaved maliciously, in bad faith, and with reckless disregard for the legality of their actions." We cannot say at this stage of the proceedings that Perry Golf would not be entitled to punitive damages under any set of provable facts and therefore reverse the dismissal of this claim.[36]

(g) *Attorney fees.* Perry Golf seeks to recover attorney fees pursuant to OCGA § 13-6-11, which provides for the award of attorney fees "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." We reverse the trial court's dismissal of this claim because, viewing the pleadings favorably to Perry Golf, we do not find that it "could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought."[37]

## Case No. A08A1232

In the cross-appeal, Brock Built appeals the dismissal of its counterclaims against Perry Golf and Chip Drury and of its third-party claims against Drury and various entities in which he had an interest.[38]

7. Brock Built contends that the trial court erred in dismissing sua sponte its counterclaims against Perry Golf.

[J]ust as with an original claim, a motion to dismiss a counterclaim for failure to state a claim upon which relief can be granted should not be granted unless it appears to a certainty that the defendant would be entitled to no relief under any state of facts which could be proved in support of the counterclaim, and if within the framework of the

---

[34] OCGA § 51-12-5.1 (b).

[35] See *Paul v. Destito*, 250 Ga. App. 631, 639-640 (7) (550 SE2d 739) (2001) (breach of fiduciary duty will support an award of punitive damages); *Milum v. Banks*, 283 Ga. App. 864, 870 (2) (642 SE2d 892) (2007) (defamation may support award of punitive damages).

[36] See *Scouten*, supra.

[37] (Punctuation omitted.) *Ewing v. City of Atlanta*, 281 Ga. 652, 653 (2) (642 SE2d 100) (2007).

[38] We note that Perry Golf did not file a brief in Case No. A08A1232, and that Drury's brief only addresses one of the claims against him.

complaint evidence may be introduced which will sustain a grant of relief to the defendant, the counterclaim is sufficient.[39]

Brock Built asserts that its counterclaims for breach of fiduciary duty, fraud, breach of contract, promissory estoppel, quantum meruit, unjust enrichment, constructive trust, and litigation expenses were adequately pled to state claims upon which relief could be granted. We agree.

(a) *Breach of fiduciary duty.* " 'A claim for breach of fiduciary duty requires proof of three elements: (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach.' "[40] As Perry Golf acknowledges, the members of PHR were in a fiduciary relationship. Brock Built pled a number of specific ways in which Perry Golf allegedly breached its fiduciary duty and sought to recover damages resulting from the breach. Thus, construing these pleadings favorably to Brock Built, the trial court erred in dismissing this claim.[41]

(b) *Fraud.* " 'The elements of a fraud action are an intentional false representation by the defendant designed to induce the plaintiff to act or refrain from acting, upon which the plaintiff justifiably relies, resulting in damage to the plaintiff.' "[42] And fraud must be pled with particularity.[43] Brock Built has pled in detail numerous instances of false representations by Perry Golf that, when taken as true for purposes of the motion to dismiss, support a claim of fraud. We therefore find that the trial court erred in dismissing this claim.[44]

(c) *Breach of oral contract.* As discussed in Division 4, Perry Golf alleges the existence of an oral contract among the members of PHR. Brock Built contends that, to the extent such a contract may be proven, Perry Golf breached the contract by "fail[ing] to make any meaningful progress toward the development of a golf course." We find that Brock Built adequately set forth a claim for relief, and the trial court erred in dismissing this claim.[45]

(d) *Promissory estoppel, quantum meruit, and unjust enrichment.* Brock Built has also asserted claims in equity for promissory estoppel, quantum meruit, and unjust enrichment "based on Perry Golf's promises to compensate Brock Built for identifying and

---

[39] *Grant v. Fourth Nat. Bank of Columbus*, 229 Ga. 855, 859 (1) (194 SE2d 913) (1972).

[40] *Tom Brown Contracting*, supra.

[41] See *Smith v. Germania of America*, supra.

[42] *Zieve v. Hairston*, 266 Ga. App. 753, 758 (2) (598 SE2d 25) (2004).

[43] See OCGA § 9-11-9 (b).

[44] See *SRH, Inc. v. IFC Credit Corp.*, 275 Ga. App. 18, 19-20 (619 SE2d 744) (2005).

[45] See *Sulejman v. Marinello*, 217 Ga. App. 319, 320-321 (2) (457 SE2d 251) (1995).

preparing for purchase by Perry Golf certain properties." Construing the pleadings favorably to Brock Built, we conclude that it has stated claims for which relief might be granted, and we reverse the trial court's dismissal of them.[46]

(e) *Constructive trust.* Brock Built asserts that because it was not paid by Perry Golf for certain properties that Brock Built identified and prepared for purchase, those properties should be held in a constructive trust. "A constructive trust is a trust implied whenever the circumstances are such that the person holding legal title to property, either from fraud or otherwise, cannot enjoy the beneficial interest in the property without violating some established principle of equity."[47] A constructive trust is a remedy to prevent unjust enrichment, not an independent cause of action.[48] To the extent that the trial court held that Brock Built would not be entitled to the imposition of a constructive trust under any set of circumstances pled in the counterclaim, we disagree and reverse.

(f) *Attorney fees.* For the reasons given in Division 6 (g), we reverse the trial court's dismissal of this claim.

8. Brock Built asserts that the trial court erred in granting Drury's motion to dismiss the tortious interference claim against him and in sua sponte dismissing the remaining claims in the third-party complaint. We address these claims in turn.

(a) *Tortious interference against Drury.* As discussed in Division 3, in order to state a claim for tortious interference, Brock Built must allege, inter alia, that Drury "induced a breach of contractual obligations or caused a party or third part[y] to discontinue or fail to enter into an anticipated business relationship with the plaintiff."[49] Interference with a contractual relationship, including hindering the performance of contractual duties, is actionable.[50] Brock Built has pled that Drury intentionally interfered with its ability to perform under the Revitalization Agreement. As such, Brock Built has pled facts that, if proven true, would entitle it to relief, and we reverse the trial court's dismissal.[51]

(b) *Breach of fiduciary duty and fraud against Drury.* Brock Built alleges nearly identical claims for breach of fiduciary duty and

---

[46] See *Scouten*, supra.

[47] OCGA § 53-12-93 (a).

[48] See *St. Paul Mercury Ins. Co. v. Meeks*, 270 Ga. 136, 138 (2) (508 SE2d 646) (1998).

[49] (Punctuation omitted.) *Tidikis*, supra at 812 (4).

[50] See *Carroll Anesthesia Assoc. v. Anesthecare, Inc.*, 234 Ga. App. 646, 648 (1) (507 SE2d 829) (1998); *Artrac Corp. v. Austin Kelley Advertising, Inc.*, 197 Ga. App. 772, 774-775 (2) (399 SE2d 529) (1990).

[51] See *SRH, Inc.*, supra.

fraud against Drury and Perry Golf. For the reasons given in Division 7, we also reverse the dismissal of these claims as to Drury.

(c) *Promissory estoppel, quantum meruit, unjust enrichment, constructive trust, and attorney fees.* Brock Built alleges nearly identical claims for promissory estoppel, quantum meruit, unjust enrichment, constructive trust, and attorney fees against Drury and the other third-party defendants and Perry Golf. For the reasons given in Division 7, we also reverse the dismissal of these claims as to all third-party defendants.

(d) *Conspiracy to breach fiduciary duty.* Brock Built alleges that the other third-party defendants, which are entities controlled by Drury, conspired with him to breach the fiduciary duty he owed to Brock Built by "siphon[ing] off resources that Drury and Perry Golf should have used for the development and construction of the golf course." As we have held that the breach of fiduciary duty claim against Drury survives the motion to dismiss, and as Brock Built has sufficiently pled the elements of a conspiracy, we reverse the dismissal of this claim.[52]

*Judgment affirmed in part and reversed in part. Andrews and Bernes, JJ., concur.*

DECIDED NOVEMBER 5, 2008.

*Greenberg Traurig, Mark G. Trigg, Jonathan K. Waldrop, Richard J. Valladares*, for appellants.

*Ashe, Rafuse & Hill, William B. Hill, Jr., Hunter, Maclean, Exley & Dunn, Christopher W. Phillips, Arnall, Golden & Gregory, Edward A. Marshall, Scott E. Taylor, Christopher K. Withers*, for appellees.

---

[52] See *Cook v. Robinson*, 216 Ga. 328, 329 (3) (116 SE2d 742) (1960).