**FIRST DIVISION
ELLINGTON, C. J.,
PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**November 8, 2012**

# In the Court of Appeals of Georgia

A12A1651. REINHARDT UNIVERSITY v. CASTLEBERRY.

PHIPPS, Presiding Judge.

Reinhardt University, formerly known as Reinhardt College, appeals the denial of its motion to dismiss (for failure to state a claim) the complaint filed against it by Joan Hasty Castleberry. We affirm.

This lawsuit concerns a $1 million donation made to the school with allegedly misappropriated funds in which Castleberry had an expected interest. In her complaint, Castleberry alleged the following. Castleberry's father died in 2003, leaving a wife and three children. Pursuant to his will, one or more marital trusts (hereinafter, "trust") were established for the benefit of his wife, with his son William Hasty, Jr., named as the trustee. The trust provided that, after the wife died, the trust remainder would be divided among the three children. While the wife was still alive,

Hasty – who was also a trustee of then Reinhardt College – pledged a $1.5 million donation to the school. Then, through a series of financial transactions, Hasty effectively transferred approximately $1 million from the trust to the school to partially satisfy the pledge. The wife died thereafter, in 2009.

Castleberry alleged further in the complaint that her brother Hasty, as trustee of the (marital) trust, owed a fiduciary duty of utmost good faith and loyalty to her and the other remainder beneficiaries.[1] She asserted that he had breached the fiduciary duty and committed breach of trust contemplated by OCGA § 53-12-301;[2] she alleged that Hasty had lacked authority to transfer the $1 million as a gift to the University, thereby encroaching upon her remainder share. Therefore, Castleberry claimed, the University could not enjoy the beneficial interest in the $1 million without violating principles of equity because it had received the money as a result of Hasty's unauthorized actions.

Given the foregoing, Castleberry sought to impose upon the $1 million donation (or property traced therefrom) a constructive trust pursuant to OCGA § 53-

---

[1] While Hasty was not made a party to this lawsuit, Castleberry alleged in her complaint that she had filed a separate suit in the same superior court against Hasty for, inter alia, breach of fiduciary duty and breach of trust.

[2] (Concerning actions for breach of trust).

2

12-132. That Code section provides: "A constructive trust is a trust implied whenever the circumstances are such that the person holding legal title to property, either from fraud or otherwise, cannot enjoy the beneficial interest in the property without violating some established principle of equity."[3]

The University moved to dismiss the action under OCGA § 9-11-12 (b) (6) for failure to state a claim upon which relief could be granted. The University pointed out that although Castleberry had accused Hasty of wrongdoing, she had not alleged any wrongdoing on its part. The University thus characterized Castleberry's complaint as having "brought only one count against the University: Constructive Trust Pursuant to OCGA § 53-12-132." The University then cited *St. Paul Mercury Ins. Co. v. Meeks*[4] for the proposition that the imposition of a constructive trust is a remedy, not an independent cause of action.[5] The University argued that *St. Paul Mercury Ins. Co.* and the cited proposition controlled the instant case to an outcome in its favor. Alternatively, the University asserted a policy argument: it should be allowed to keep

---

[3] OCGA § 53-12-132 (a).

[4] 270 Ga. 136 (508 SE2d 646) (1998).

[5] Id. at 138 (2); see *Morrison v. Morrison*, 284 Ga. 112, 113 (1) (663 SE2d 714) (2008).

3

the money because it relies heavily on donations and a practice of investigating the sources of donated funds would be impractical and would impact charitable giving.

The trial court denied the University's motion, and this interlocutory appeal ensued.[6]

> [A] motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.[7]

---

[6] This court transferred the underlying interlocutory application to the Supreme Court of Georgia on the ground that the case invoked its equity jurisdiction, but the Supreme Court returned the application concluding: "As no equitable relief has been granted or denied and as a determination as to the availability of the equitable relief sought is merely ancillary to the determination of the sufficiency of the facts and legal theories presented below, this case does not invoke this Court's jurisdiction over equity cases and it hereby is returned to the Court of Appeals."

[7] *Scouten v. Amerisave Mortg. Corp.*, 283 Ga. 72, 73 (1) (656 SE2d 820) (2008) (citation and punctuation omitted), citing OCGA § 9-11-12 (b) (6).

This Court reviews the denial of a motion to dismiss for failure to state a claim upon which relief can be granted de novo.[8]

1. The University contends that the trial court erred by denying its motion to dismiss, maintaining its position that Castleberry's complaint asserted only a claim for constructive trust, and relying on cases such as *St. Paul Mercury Ins.*[9] for the proposition that a constructive trust is a remedy and not an independent cause of action.

However, the denial of the motion to dismiss was correct, as illustrated by *Kelly v. Johnston*,[10] in which the Supreme Court of Georgia allowed a lawsuit seeking the imposition of a constructive trust to proceed based upon circumstances analogous to those here. Like the University here, the defendant in *Kelly* who held the proceeds at issue was not alleged to have committed any wrongful act.[11] And like Castleberry here, the plaintiff in *Kelly* alleged that the wrongful acts of a third party (who was not

---

[8] *Landmark American Ins. Co. v. Khan*, 307 Ga. App. 609 (1) (705 SE2d 707) (2011).

[9] Supra.

[10] 258 Ga. 660 (373 SE2d 7) (1988).

[11] Id. at 661 (1).

a party to that lawsuit) were sufficient to authorize equity to impose a trust upon the proceeds that had come into the hands of the defendant.[12]

In *Kelly*, a divorce decree provided that certain real property be sold and the proceeds divided by specified percentages between the spouses.[13] The husband later remarried, then sold the property, but did not pay any proceeds to his former wife.[14] When the husband died, his widow obtained an award of a year's support.[15] The former wife filed an action seeking to impose a constructive trust on those proceeds, alleging that she had been entitled to a percentage of the proceeds from the sale of the real property.[16] The widow pointed out that there was no allegation of fraud on her part, took the position that her support award was thus not subject to a constructive trust, and sought summary judgment.[17] Determining that the widow was not entitled to summary judgment, the *Kelly* Court held: "A constructive trust arises with respect

---

[12] Id.

[13] Id. at 660.

[14] Id. at 660.

[15] Id. at 660-661.

[16] Id. at 661.

[17] Id. at 661 (1).

to property the title to which was acquired by fraud, or where although acquired originally without fraud, it is against equity that the title should be retained by the one who holds it."[18] The Court explained:

> [T]he alleged fraudulent acts of [the husband] are sufficient to authorize equity to impose a trust upon [the former wife's] share of the proceeds. The constructive trust is still enforceable even when the proceeds have come into the hands of [the widow]. The proceeds were subject to the trust in the hands of [the husband] and the mere passage of the proceeds through the year's support proceedings does not divest equity of the power to enforce the trust under the circumstances of this case.[19]

In the instant case, Castleberry's request for the imposition of a constructive trust is predicated on her allegations that her brother Hasty was not authorized to transfer the $1 million, in that he breached duties owed to her and interfered with her expected gift. To the extent Hasty was thus not authorized to transfer the funds, they are subject to a constructive trust – even in the hands of the University and even without allegation of wrongdoing on the University's part.[20] Moreover, the University

---

[18] Id. (citations omitted).

[19] Id.

[20] See id.; see generally *Morrison*, supra at 112-113 (1) (discussing allegations underlying claims of intentional interference with an expected gift and breach of fiduciary duty).

7

has failed to demonstrate any merit in its assertion that its heavy reliance on donations would divest equity of the power to enforce a constructive trust under the circumstances of this case.[21] Construed in the light most favorable to Castleberry and resolving all doubts in her favor,[22] Castleberry's complaint sufficiently stated a claim for relief.[23]

Nothing in the decision of *St. Paul Mercury Ins. Co.*, relied upon by the University, leads to a conclusion in its favor. In that case, the plaintiff sought the imposition of a constructive trust, alleging solely the equitable concept of unjust enrichment.[24] Because the plaintiff failed to prove to a jury its allegations of unjust enrichment,[25] the plaintiff failed to demonstrate entitlement to a constructive trust.[26]

---

[21] See generally *Kelly*, supra.

[22] See *Scouten*, supra.

[23] See *Kelly*, supra.

[24] See *St. Paul Mercury Ins. Co*, supra at 137 (1) (explaining that unjust enrichment is an equitable concept and applies, inter alia, "when the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefitted party equitably ought to return or compensate for").

[25] Id. at 138 (1) (noting evidence from which the jury could have found that the party had not been unjustly enriched as claimed).

[26] Id. at 138 (2) (noting that a constructive trust may be employed to prevent unjust enrichment).

Given those circumstances, the Court expounded that, while a constructive trust may be employed to remedy unjust enrichment, "it is not an independent cause of action available to [the plaintiff], but a device by which property might be recovered if [the plaintiff's] unjust enrichment claim were to prevail."[27] Because *St. Paul Mercury Ins. Co.* is inapposite, the University's reliance upon that case (and the cited proposition) is misplaced.

*Judgment affirmed. Ellington, C. J., and Dillard, J., concur.*

---

[27] *Id.*