**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 3, 2020**

# In the Court of Appeals of Georgia

A19A2280. AGARD v. PRP PROPERTY MANAGEMENT, LLC
et al.

REESE, Judge.

Cunina Brown Agard filed a complaint for breach of contract, negligence, and other related claims against PRP Real Estate, LLC, and US Diversified Residential 2JV LLC (the "Defendants"). She alleged that the Defendants failed to repair her apartment, resulting in dangerous conditions and damages. The trial court entered two summary judgment orders in favor of the Defendants. For the reasons set forth infra, we dismiss the appeal to the extent Agard challenges the court's first summary judgment order, and affirm the court's second summary judgment order.

The record shows that the Defendants are the owner and manager of an apartment complex in Atlanta. Agard signed a lease with the Defendants beginning

in January 2016. In August 2016, Agard did not pay her rent, and the Defendants initiated dispossessory proceedings in magistrate court. The magistrate court ultimately issued a default judgment for the unpaid rent and a writ of possession in September 2016. Agard vacated the apartment that month.

While living in the apartment, Agard complained about mold, frogs, bugs, and snakes. She emailed her concerns to the Defendants on July 23, 2016. The Defendants responded by having pest control treat her unit on July 27, August 10, and August 11. The Defendants also inspected and cleaned her apartment for mold, and informed her that the problem was due to not running the air conditioner. Agard, however, attested in a deposition that she ran the air conditioner that summer.

After Agard left the apartment, she filed a complaint against the Defendants, asserting claims for, inter alia, breach of contract, negligence, prejudice, and fraud, and seeking compensatory and punitive damages. The Defendants filed a motion for summary judgment, which the trial court granted on August 20, 2018, on all claims except the breach of contract claim. The court certified the order as final under OCGA § 9-11-54 (b).

The Defendants later filed a second motion for summary judgment on the breach of contract claim. Agard responded to the motion, arguing that her pictures of

the mold, snakes, and frogs created a genuine issue of material fact. She contended that she was constructively evicted because she repeatedly complained about the problems in the unit, but the Defendants did not make repairs.

After a hearing, which was not transcribed, the trial court granted the Defendants' motion for summary judgment on March 4, 2019. The court found that the Defendants promptly responded to Agard's concerns, and that Agard vacated the unit due to her failure to pay rent, not because she was constructively evicted. Agard filed a notice of appeal on March 25, 2019, seeking to appeal the court's August 20, 2018 and March 4, 2019 summary judgment orders. This appeal followed.

"On appeal from the grant or denial of summary judgment, we conduct a de novo review, with all reasonable inferences construed in the light most favorable to the nonmoving party."[1] With these guiding principles in mind, we turn now to Agard's specific claims of error.

1. Agard seeks to appeal the trial court's August 20, 2018 order, which denied her motion to put the case on the next available trial calendar, denied her motion to exclude certain evidence, and granted the Defendants' motion for summary judgment

---

[1] *Forsyth County v. Waterscape Svcs.*, 303 Ga. App. 623 (694 SE2d 102) (2010) (citation omitted).

on all of her claims except for her breach of contract claim. We, however, lack jurisdiction to consider that order because Agard did not file a notice of appeal within 30 days.

Ordinarily, where a grant a summary judgment does not dispose of all issues in the case, a party has the option to appeal that order directly or wait until after the entry of final judgment.[2] However, "[b]ecause the trial court's order designated its grant of summary judgment as final under OCGA § 9-11-54 (b), [Agard] was required to appeal any adverse rulings in that order within 30 days of [that] judgment's entry."[3] "If an appellant fails to file a notice of appeal within 30 days of such an order, the right to review the order is lost."[4]

Here, the trial court certified its August 20, 2018 order as final under OCGA § 9-11-54 (b), and Agard's March 25, 2019 notice of appeal was not filed with 30 days of that order. Accordingly, any portion of this appeal challenging the rulings in

---

[2] See OCGA § 9-11-56 (h); OCGA § 5-6-34 (d); *Jarallah v. Aetna Cas. & Sur. Co.*, 199 Ga. App. 592, 593 (405 SE2d 510) (1991).

[3] *Bienert v. Dickerson*, 276 Ga. App. 621, 622 (1) (624 SE2d 245) (2005) (citation, punctuation, and footnote omitted).

[4] Id. (citation, punctuation, and footnote omitted).

the court's August 20, 2018 order is not properly before us and is dismissed.[5] What remains is Agard's challenge to the court's March 4, 2019 order denying her motion to add her husband as a party and granting the Defendants' motion for summary judgment on her breach of contract claim.

2. Agard argues that there were issues of material fact as to her breach of contract claim. She contends that the Defendants did not make the repairs necessary to fix the hazardous conditions of her apartment.

The trial court construed Agard's remaining breach of contract claim as one alleging constructive eviction.[6] A tenant must establish two essential elements to demonstrate constructive eviction:

(1) That the landlord in consequence of his failure to keep the rented building repaired allowed it to deteriorate to such an extent that it had

---

[5] See *Bienert*, 276 Ga. App. at 621-622 (1); *Jarallah*, 199 Ga. App. at 593.

[6] Agard's complaint did not point to a specific breach of the lease agreement, but instead alleged a breach generally. She stated later in the complaint that she was constructively evicted. After the trial court issued its first summary judgment order, the Defendants summarized her remaining breach of contract claim as a claim of constructive eviction, and Agard did not dispute this characterization. We cannot consider Agard's arguments on appeal to the extent she claims that the Defendants caused damages due to the Defendants' negligence or the Defendants' duty to repair under OCGA §§ 44-7-13 and 44-7-14, because the trial court rejected her claims for damages in its first summary judgment order. As discussed in Division 1, we lack jurisdiction to review that order on appeal.

5

become an unfit place for the defendant to carry on the business for which it was rented, and (2) that it could not be restored to a fit condition by ordinary repairs which could be made without unreasonable interruption of the tenant's business.[7]

Put another way, there must be proof of

either an actual expulsion of the tenant, or some act of a grave and permanent character done by the landlord with the intention of depriving the tenant of the use of the demised premises. An act may be considered grave in character if it renders the premises untenantable or unfit for the use and benefit of the tenant in accomplishing one or more of the substantial purposes of the lease.[8]

A tenant must show that her "use and enjoyment of the premises is not merely rendered 'uncomfortable.'"[9]

In this case, the trial court properly concluded that there was no evidence from which a jury could find constructive eviction. Agard's complaints did not render her

---

[7] *Jenkins v. Brice*, 231 Ga. App. 843, 844 (1) (499 SE2d 734) (1998) (punctuation and footnotes omitted).

[8] *George v. Hercules Real Estate Svcs.*, 339 Ga. App. 843, 852 (2) (b) (795 SE2d 81) (2016) (punctuation and footnote omitted).

[9] *Jenkins*, 231 Ga. App. at 844 (1) (punctuation and footnotes omitted).

6

unit uninhabitable.[10] Nor did Agard demonstrate "acts of a grave and permanent character"[11] such that her use of the apartment "could not be restored to a fit condition by ordinary repairs[.]"[12] The Defendants promptly responded to her complaints by cleaning the mold and deploying pest control. Accordingly, we affirm the trial court's grant of the Defendants' motion for summary judgment on Agard's breach of contract claim.

3. Agard argues that the trial court erred in denying her motion to add her husband as a party.

At the time Agard attempted to add her husband as a party, the only remaining claim was her breach of contract claim. Her husband was not a party to the lease agreement. "In order for a third party to have standing to enforce a contract, it must

---

[10] See *Jenkins*, 231 Ga. App. at 844-845 (1) (leaky roof did not render house uninhabitable).

[11] *George*, 339 Ga. App. at 852 (2) (b) (punctuation and footnote omitted).

[12] Id. (punctuation and footnote omitted).

clearly appear from the contract that it was intended for his benefit."[13] A third party beneficiary may only be created by the express terms of the contract.[14]

Here, Agard's husband was not listed as a resident, tenant, or occupant under the lease agreement. Accordingly, the lease did not clearly indicate that he was an intended third-party beneficiary, and we affirm the trial court's denial of Agard's motion to add her husband as a party.[15]

*Judgment affirmed in part and appeal dismissed in part. Miller, P. J., and Rickman, J., concur.*

---

[13] *Perry Golf Course Dev. v. Housing Auth.*, 294 Ga. App. 387, 388 (1) (670 SE2d 171) (2008) (punctuation and footnote omitted).

[14] Id. at 388-389 (1).

[15] See *Perry*, 294 Ga. App. at 388-389 (1); *Davis v. Phoebe Putney Health Systems*, 280 Ga. App. 505, 508-509 (3) (634 SE2d 452) (2006).