A08A1099. HEWELL v. WALTON COUNTY.
(664 SE2d 875)

BLACKBURN, Presiding Judge.

In this civil tort action, plaintiff Jason Hewell sued Walton County, alleging that he suffered injuries as a result of the County's negligence in failing to properly instruct and supervise him in the use of a portable tar kettle machine. The trial court granted Walton County's motion for judgment on the pleadings on the ground that Hewell's action was barred by the doctrine of sovereign immunity. Hewell appeals, arguing that the trial court erred in dismissing his complaint given his allegations that sovereign immunity had been waived by the County's purchase of liability insurance for damages arising from the use of the portable tar kettle machine and by his injury being the result of a negligent ministerial act. For the reasons set forth below, we reverse.

"On appeal, we review de novo the trial court's decision on a motion for judgment on the pleadings, and we construe the com-

plaint in a light most favorable to the appellant, drawing all reasonable inferences in his favor." (Punctuation omitted.) *Haldi v. Piedmont Nephrology Assocs.*[1] So viewed, the complaint alleges that on July 6, 2005, Hewell was incarcerated in the Walton County jail but was working for the Walton County Department of Public Works pursuant to the Sheriff's Department's work release program. Hewell's specific task that day was to operate a portable tar kettle machine (pulled behind a vehicle) for the purpose of sealing cracks in the asphalt on a county road. In the course of operating the portable tar kettle machine, some of the hot tar spilled, and Hewell suffered severe burns to his arm.

Hewell filed suit against Walton County to recover for his injury. In his complaint, he alleges that the County was negligent in failing to properly instruct and supervise him in the use of the portable tar kettle machine. He further alleges that the County waived sovereign immunity by obtaining liability insurance for damages arising from the use of the machine. Pursuant to OCGA § 9-11-12 (c), Walton County filed a motion for judgment on the pleadings, arguing that Hewell's claims were barred because it had not waived its sovereign immunity. The trial court granted the County's motion and dismissed Hewell's complaint. This appeal followed.

1. Hewell contends that the trial court erred in granting Walton County's motion for judgment on the pleadings, arguing that his complaint alleged that sovereign immunity had been waived by the County's purchase of liability insurance for damages arising from the use of the portable tar kettle machine.

> [W]hen deciding a motion for judgment on the pleadings, the issue is whether the undisputed facts appearing from the pleadings entitle the movant to judgment as a matter of law. All well-pleaded material allegations by the nonmovant are taken as true, and all denials by the movant are taken as false. . . . Where the [movant] does not introduce affidavits, depositions or interrogatories in support of [the] motion, such motion is equivalent of a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. The motion to dismiss should not be granted unless the averments in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of [the plaintiff's] claim.

---

[1] *Haldi v. Piedmont Nephrology Assocs.*, 283 Ga. App. 321, 322 (641 SE2d 298) (2007).

(Citations and punctuation omitted.) *Harper v. Patterson.*[2]

"A county is not liable to suit for any cause of action unless made so by statute." *McElmurray v. Augusta-Richmond County.*[3] See Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e); OCGA § 36-1-4. "[S]overeign immunity is waived by any legislative act which specifically provides that sovereign immunity is waived and the extent of such waiver." *Gilbert v. Richardson.*[4] OCGA § 33-24-51 is such a legislative act. See *Chamlee v. Henry County Bd. of Ed.*[5] Subsection (a) of that statute

> authorizes cities and counties to secure insurance to cover liability for damages on account of bodily injury, death, and property damage arising by reason of the city or county's ownership, maintenance, operation, or use of any motor vehicle under its management, control, or supervision, whether in a governmental undertaking or not.

(Punctuation omitted.) *Williams v. Whitfield County.*[6] Subsection (b) waived sovereign immunity of the city or county to the extent "that it had purchased insurance providing liability coverage for the negligence of any duly authorized officer, agent, servant, attorney, or employee in the performance of his official duties." (Punctuation omitted.) Id. at 303. In addition, under a 2002 amendment, even where a motor vehicle owned or leased by a county is not insured, sovereign immunity is waived "within the limits set forth in OCGA § 36-92-2 (a) for a loss arising out of claims for the negligent use of the vehicle." Id.

In this matter, Hewell claims that the County has waived sovereign immunity because the portable tar kettle machine, which allegedly caused his injury, is a motor vehicle within the meaning of OCGA § 33-24-51 and because the County obtained liability coverage for damages arising out of its use.[7] Hewell also claims that his injury occurred while the portable tar kettle machine was being used, specifically alleging that he was injured as a result of the machine being operated at too quick a speed along a wet grassy surface.

Walton County argues that the portable tar kettle machine is not

---

[2] *Harper v. Patterson*, 270 Ga. App. 437, 439 (2) (606 SE2d 887) (2004).

[3] *McElmurray v. Augusta-Richmond County*, 274 Ga. App. 605, 609 (2) (a) (618 SE2d 59) (2005).

[4] *Gilbert v. Richardson*, 264 Ga. 744, 748 (3) (452 SE2d 476) (1994).

[5] *Chamlee v. Henry County Bd. of Ed.*, 239 Ga. App. 183, 184-185 (2) (521 SE2d 78) (1999).

[6] *Williams v. Whitfield County*, 289 Ga. App. 301, 302-303 (656 SE2d 584) (2008).

[7] Hewell does not allege that OCGA § 36-92-1 et seq. waived the County's sovereign immunity regardless of whether the County obtained liability insurance.

a vehicle. However, the related statute, OCGA § 36-92-1 (6), defines motor vehicle to mean "any automobile, bus, motorcycle, truck, trailer, or semitrailer, including its equipment, and any other equipment permanently attached thereto, designed or licensed for use on the public streets, roads, and highways of the state." Cf. OCGA § 33-34-2 (2). Thus, construing Hewell's complaint in a light most favorable to his claims, we find that he has sufficiently pled that the portable tar kettle machine is a motor vehicle as contemplated by OCGA § 33-24-51 and that he was injured in the course of the vehicle's use. Cf. *Williams*, supra, 289 Ga. App. at 303 (excavator qualifies as a motor vehicle under OCGA § 33-24-51); *McElmurray*, supra, 274 Ga. App. at 613 (2) (b) (property damage arose from use of county's vehicle when vehicle was to spread sludge on plaintiff's land); *Crider v. Zurich Ins. Co.*[8] (backhoe qualifies as a motor vehicle within the meaning of OCGA § 33-24-51). Accordingly, the trial court erred in granting Walton County's motion for judgment on the pleadings. See *Maxwell v. Cronan*.[9]

2. Hewell also contends that the trial court erred in granting Walton County's motion for judgment on the pleadings, arguing that his injury was the result of a negligent ministerial act. Although this contention has no bearing on our holding in Division 1, it is worth noting that Hewell is incorrect. As previously noted, OCGA § 36-1-4 provides that "[a] county is not liable to suit for any cause of action unless made so by statute." Importantly, a county's sovereign immunity (unlike a city's sovereign immunity) applies equally to ministerial and discretionary acts. See *Seay v. Cleveland*.[10] Thus, whether Hewell can maintain a personal injury action against Walton County is wholly dependent upon whether a statute, such as OCGA § 33-24-51, has waived the County's sovereign immunity, regardless of whether the acts that allegedly caused his injury were ministerial or discretionary.

*Judgment reversed. Miller and Ellington, JJ., concur.*

DECIDED JULY 7, 2008.

*Eric K. Krasle*, for appellant.

---

[8] *Crider v. Zurich Ins. Co.*, 222 Ga. App. 177, 179-180 (2) (474 SE2d 89) (1996).

[9] *Maxwell v. Cronan*, 241 Ga. App. 491, 493 (1) (527 SE2d 1) (1999).

[10] *Seay v. Cleveland*, 270 Ga. 64, 65 (1) (508 SE2d 159) (1998).

*Larry G. Cobb, Katonga Wright Harris*, for appellee.