### A11A0048. McCOBB et al. v. CLAYTON COUNTY.
(710 SE2d 207)

ELLINGTON, Chief Judge.

Sherri McCobb, individually and as the administratrix of the estate of her son, Larry Smith, brought this wrongful death action in the Superior Court of Clayton County against Clayton County, alleging that the improper conduct of a county police officer during a high-speed chase proximately caused Smith's death. The county filed a motion for judgment on the pleadings, arguing that McCobb's claims were barred because it had not waived its sovereign immunity. Following a hearing, the trial court granted the county's motion and dismissed McCobb's action. McCobb appeals, contending that the county waived its sovereign immunity when it purchased liability insurance which provides coverage for her claim. For the reasons explained below, we reverse.

When, as in this case, a defendant files a motion for judgment on the pleadings and does not introduce affidavits, depositions or interrogatories in support of the motion, such motion is the equivalent of a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. *Hewell v. Walton County*, 292 Ga. App. 510, 511 (1) (664 SE2d 875) (2008). Such a motion "should not be granted unless the averments in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the plaintiff's claim." (Citation and punctuation omitted.) Id. "On appeal, we review de novo the trial court's decision on a motion for judgment on the pleadings, and we construe the complaint in a light most favorable to the appellant, drawing all reasonable inferences in his [or her] favor." (Citation and punctuation omitted.) Id. at 510-511.

1. McCobb contends that the trial court erred in ruling that the county's liability insurance does not cover her claims and that the county, therefore, has not waived its sovereign immunity.

(a) As provided in Georgia's constitution, sovereign immunity extends to the counties, and a county's sovereign immunity "can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e).[1] See also OCGA § 36-1-4 ("A county is not liable to suit for any cause of action unless made so by statute."). Under Georgia law, sovereign

---

[1] See *Toombs County v. O'Neal*, 254 Ga. 390, 391 (1) (330 SE2d 95) (1985) (holding that

immunity is an immunity from suit, rather than a mere defense to liability, and, therefore, whether a governmental defendant has waived its sovereign immunity is a threshold issue. *Bd. of Regents &c. of Ga. v. Canas*, 295 Ga. App. 505, 507 (1) (672 SE2d 471) (2009); *Wendelken v. JENK LLC*, 291 Ga. App. 30, 31 (1) (661 SE2d 152) (2008).[2] "[A] waiver of sovereign immunity . . . must be established by the party seeking to benefit from that waiver[.]" (Citation omitted.) *Bd. of Regents &c. of Ga. v. Daniels*, 264 Ga. 328, 329 (446 SE2d 735) (1994).

OCGA § 33-24-51 authorizes a county to secure insurance to cover liability for damages on account of bodily injury, death, and property damage "arising by reason of [the county's] ownership, maintenance, operation, or use of any motor vehicle" and provides that the county's sovereign immunity "for a loss arising out of claims for the negligent use of a covered motor vehicle is waived as provided in [OCGA §] 36-92-2." OCGA § 36-92-2 in turn provides for the monetary limits of the waiver. See *Hewell v. Walton County*, 292 Ga. App. at 512 (1) (OCGA § 33-24-51 is a legislative act that specifically provides that sovereign immunity is waived and the extent of such waiver.). Because McCobb seeks to benefit from such a waiver, she has the burden of establishing that the county had waived sovereign immunity by obtaining liability insurance covering her claims. *Bd. of Regents &c. of Ga. v. Daniels*, 264 Ga. at 329.

In her complaint, McCobb alleges, inter alia, the following: on February 25, 2007, a Clayton County police officer, who was driving a county-owned vehicle, chased a vehicle in which the decedent was a passenger; the driver lost control of his vehicle and struck a tree, killing the decedent; the officer's decision to continue the pursuit, under the circumstances, was in reckless disregard of proper law enforcement procedures; at the relevant time, the county carried liability insurance that covered her claims up to $10 million. It is undisputed that the county purchased liability insurance, and the policy is in the record. Despite the county's purchase of that policy, however, the trial court ruled that the county did not waive its sovereign immunity as to McCobb's claims pursuant to OCGA § 33-24-51, citing *Peeples v. City of Atlanta*, 189 Ga. App. 888 (377 SE2d 889) (1989) (physical precedent only). The trial court reasoned that,

> even after viewing the facts in the complaint in the instant

---

the constitutional reservation of sovereign immunity "to the State and all of its departments and agencies" extended sovereign immunity to the counties of the State of Georgia).

[2] See also *Cameron v. Lang*, 274 Ga. 122, 126 (3) (549 SE2d 341) (2001) ("Generally, a

case as true, this court cannot find the injuries claimed in the complaint originated from, had their origins in, grew out of, or flowed from [the officer's] use of his patrol vehicle, particularly because, in addition to the officer's pursuit, [McCobb] states that [the driver] lost control of [his car], ran off the road and struck a tree. . . . The complaint did not state the officer literally used his vehicle to push the [driver's] vehicle off of the road and into the tree. The complaint fails to show that the officer's use of his vehicle was the cause of the victim's injuries, thus, the plaintiff has not demonstrated the [c]ounty waived its sovereign immunity under OCGA § 33-24-51.

In *Peeples v. City of Atlanta*, which is not binding authority,[3] the plaintiffs' decedent was killed when a stolen car being chased by a city police officer collided with her car. In affirming the grant of summary judgment in favor of the city, this Court noted that the complaint was "grounded upon the actions of a police officer, in the performance of his duties, while attempting to apprehend a fleeing felon." 189 Ga. App. at 890 (3). Because it was undisputed that the police officer was in the performance of his official duties, the city that employed him was immune from liability pursuant to OCGA § 36-33-3, which provides, "A municipal corporation shall not be liable for the torts of policemen or other officers engaged in the discharge of the duties imposed on them by law." 189 Ga. App. at 891 (3). After so holding, the Court then remarked:

We do not view plaintiff's decedent's death as arising from the use, maintenance or operation of the City's motor vehicle. Plaintiff's decedent's death was due to the negligence or wilful misconduct of a fleeing felon in running a red light and as a consequence thereof striking the decedent's car.

Id. As we recognized in a later case, however, this analysis was dicta, in that the issue on appeal in *Peeples v. City of Atlanta* was

---

court should consider the issue of governmental immunity[, (that is, sovereign immunity),] and its waiver before addressing issues of causation.") (footnote omitted).

[3] If an appeal to the Georgia Court of Appeals is decided by a division, that is, by a panel of three judges, the judgment is a binding precedent only if all judges of the division concur fully. Court of Appeals Rule 33 (a); *MCG Health v. Whitfield*, 302 Ga. App. 408, 410, n. 1 (690 SE2d 659) (2010). Because one judge of the division concurred only in the judgment in *Peeples v. City of Atlanta*, the judgment is physical precedent only.

fundamentally sovereign immunity and not proximate cause.[4] Contrary to that dicta in *Peeples v. City of Atlanta*, a waiver of sovereign immunity under OCGA § 33-24-51 does not require a showing that an officer "used" a police vehicle by intentionally physically contacting a suspect's vehicle. *Cameron v. Lang*, 274 Ga. at 122, 126-127 (3); *Standard v. Hobbs*, 263 Ga. App. 873, 875, 878 (2) (589 SE2d 634) (2003). Accordingly, the trial court's reliance on *Peeples v. City of Atlanta* was misplaced.

(b) In addition, to the extent the county relies on *Peeples v. City of Atlanta* to argue that, when an officer's act of using an official vehicle to pursue a suspect sets in motion a sequence of events that results in injury to an innocent third party, the suspect's intervening act of causing a collision while fleeing pursuit is as a matter of law the sole proximate cause of the third party's injuries, this position conflicts with current Georgia law. In 2002, the General Assembly amended Georgia's Uniform Rules of the Road, which grants police officers exceptional rights in operating motor vehicles when pursuing a suspect or responding to an emergency, to specify the circumstances in which an innocent party injured by a fleeing suspect may recover, striking a balance between police officers' duty to apprehend lawbreakers and their duty to execute their responsibilities in a way that does not unreasonably jeopardize public safety.[5] As amended, the Rules provide that an officer who is pursuing a suspect "shall not [be] relieve[d] . . . from the duty to drive with due regard for the safety of all persons[,]" OCGA § 40-6-6 (d) (1) and that police pursuit may be found to constitute a proximate cause of any damage, injury, or death caused by the fleeing suspect if the officer acted with reckless disregard for proper law enforcement procedures in the decision to initiate or continue the pursuit, OCGA § 40-6-6 (d) (2). Thus, the county's argument based on *Peeples v. City of Atlanta* fails.

(c) In a related argument, the county contends that negligence and reckless disregard are two completely different and separate standards of liability and, further, that reckless disregard of the consequences is equivalent to intent. According to the county, when a plaintiff in a police pursuit case shows a waiver of sovereign immunity pursuant to OCGA § 33-24-51 by the purchase of liability insurance for the negligent use of its motor vehicles, that plaintiff has, in effect, stipulated that the officer's conduct was not more than

---

[4] See *Mixon v. City of Warner Robins*, 209 Ga. App. 414, 415-416 (434 SE2d 71) (1993), rev'd on other grounds, 264 Ga. 385 (444 SE2d 761) (1994).

[5] See Ga. L. 2002, pp. 579, 584, § 4; OCGA § 40-6-6; *City of Winder v. McDougald*, 276 Ga. 866, 867 (583 SE2d 879) (2003); see also *Cameron v. Lang*, 274 Ga. at 128 (4); *Mixon v. City of Warner Robins*, 264 Ga. 385, 386-389 (1) (444 SE2d 761) (1994); *Pearson v. City of Atlanta*, 231 Ga. App. 96, 97-98 (2) (499 SE2d 89) (1998).

merely negligent. As a result, the county contends, the plaintiff is precluded from proving the more culpable conduct that is required to sustain a claim under OCGA § 40-6-6 (d), that is, that the officer acted with reckless disregard for proper law enforcement procedures.

We find no basis for construing these statutes in this fashion. First, if the General Assembly intended to preclude a waiver of sovereign immunity with regard to a police pursuit claim based on the purchase of liability insurance, it could have simply said so. Further, OCGA § 40-6-6 (d) (4) provides that "[c]laims arising out of [OCGA § 40-6-6 (d)] which are brought against local government entities ... shall be subject to the procedures and limitations contained in Chapter 92 of Title 36." OCGA § 36-92-1 (1) defines a claim as "any demand against a local government entity for money for a loss caused by negligence of a local government entity officer or employee using a covered motor vehicle while carrying out his or her official duties or employment." OCGA § 36-92-2 (a) provides that "[t]he sovereign immunity of local government entities for a loss arising out of claims for the negligent use of a covered motor vehicle is waived up to" monetary limits specified in that Code section.[6] It would be nonsensical on its face for the General Assembly to make claims under OCGA § 40-6-6 (d) subject to the procedures and limitations contained in OCGA § 36-92-1 et seq. if it did not intend that a claim that an officer acted with reckless disregard for proper law enforcement procedures in pursuing a fleeing suspect comes within the ambit of claims for negligent use of a city- or county-owned motor vehicle.[7]

Because McCobb alleged that the decedent was killed as a result of the officer's reckless disregard for proper law enforcement procedures in his decision to continue the pursuit, and because McCobb showed that the county had purchased insurance to cover claims for

---

[6] See also OCGA § 36-92-2 (b) ("The sovereign immunity of local government entities for a loss arising out of claims for the negligent use of a covered motor vehicle is waived only to the extent and in the manner provided in this chapter and only with respect to actions brought in the courts of this state.").

[7] *Rahmaan v. DeKalb County*, 300 Ga. App. 572, n. 3 (685 SE2d 472) (2009) (The county's waiver of sovereign immunity in a police pursuit case pursuant to OCGA § 40-6-6 was based on an insurance policy.); see also *Cameron v. Lang*, 274 Ga. at 128 (4) (Where the county purchased liability insurance for the sheriff's department vehicles, the county thereby waived sovereign immunity to the extent of the liability insurance for purposes of a claim pursuant to OCGA § 40-6-6 against a sheriff's deputy in his official capacity for injuries sustained by a bystander as a result of the deputy's pursuit of a fleeing suspect.); *Standard v. Hobbs*, 263 Ga. App. at 878 (2) (Where the county purchased liability insurance for the sheriff's department vehicles, the county thereby waived sovereign immunity for purposes of a claim pursuant to OCGA § 40-6-6 against a sheriff's deputy individually for injuries sustained by a bystander as a result of the deputy's pursuit of a fleeing suspect.). We note that both *Cameron v. Lang* and *Standard v. Hobbs* were decided before January 1, 2005, the effective date of OCGA § 40-6-6 (d) (4). See Ga. L. 2002, pp. 579, 584 § 4.

the negligent use of the county's motor vehicles, the county waived its sovereign immunity up to the monetary limits specified in OCGA § 36-92-2. The trial court erred in ruling otherwise and in granting the county's motion for judgment on the pleadings. *Rahmaan v. DeKalb County*, 300 Ga. App. 572, n. 3 (685 SE2d 472) (2009).

2. McCobb contends that the trial court erred in denying her motion for partial summary judgment based on the county's alleged spoliation of evidence. After granting the county's motion for judgment on the pleadings, the trial court determined that McCobb's motion for partial summary judgment was moot. Because the trial court has not considered and ruled on McCobb's motion on the merits, McCobb's appeal on this issue is premature.

*Judgment reversed. Miller, P. J., and Doyle, J., concur.*

DECIDED APRIL 11, 2011 — 

*Finch, McCranie, Brown, Hendrix & Sullivan, Richard W. Hendrix*, for appellants.

*Gillen, Withers & Lake, Craig A. Gillen, Freeman, Mathis & Gary, Jack R. Hancock, Sun S. Choy*, for appellee.