A11A0948. CITY OF ATLANTA v. LOCKETT.
(717 SE2d 529)

MILLER, Presiding Judge.

Wendy Lockett brought a lawsuit against the City of Atlanta (the "City"), alleging that she was injured as a result of the reckless conduct of two Atlanta Police Department ("APD") officers during their pursuit of a fleeing suspect. The City filed a motion for summary judgment, which the trial court denied. The City appeals, contending that the trial court erroneously denied the motion for summary judgment because the City was entitled to sovereign immunity under OCGA § 36-92-2 (a). Discerning no error, we affirm.

"Summary judgment is warranted when any material fact is

---

undisputed, as shown by the pleadings and record evidence, and this fact entitles the moving party to judgment as a matter of law. . . . We review the denial of summary judgment de novo." (Citations and punctuation omitted.) *Strength v. Lovett*, 311 Ga. App. 35, 39-40 (2) (714 SE2d 723) (2011).

So viewed, the record shows that at approximately 5:00 p.m. on July 22, 2008, two APD officers identified a white Chevrolet Monte Carlo that appeared to be exceeding the speed limit, and which they believed matched the description of a vehicle that had been reported stolen earlier in the day. Upon learning that the vehicle's registration had been suspended, the officers attempted to initiate a traffic stop by activating the emergency lights and siren of their marked City of Atlanta law enforcement police vehicle. The officers began pursuing the white Monte Carlo when its driver refused to stop or slow down and instead accelerated to the next intersection. One of the officers admitted that the pursuit of the white Monte Carlo violated the APD's written policy identifying the circumstances in which its officers were permitted to initiate and continue emergency vehicle pursuits.

While the police pursuit was underway, the white Monte Carlo struck Lockett, a pedestrian who had been walking along the side of the road.[1] Lockett sustained injuries as a result of the collision. She filed a complaint against the City, seeking to recover compensatory damages for her injuries. The City moved for summary judgment on the ground that it was entitled to sovereign immunity. The trial court found that sovereign immunity had been waived and denied the City's motion. The City filed this appeal.

1. The City asserts that the trial court erred in failing to grant its motion for summary judgment, because OCGA § 36-92-2 does not support the conclusion that the City's sovereign immunity was waived. We disagree.

Under OCGA § 36-92-2 (a), the sovereign immunity of a city is waived "for a loss arising out of claims for the negligent use of a covered motor vehicle. . . ." The City's argument relies upon Lockett's claim in this case — specifically, that APD law enforcement officers failed to drive with due regard for the safety of the public in the initiation and continuation of a high speed pursuit, failed to follow the written policies and procedures adopted by the APD regarding high speed pursuits, and acted with reckless disregard for law enforcement procedures. The City contends that Lockett's claim is "distinctly different from," and not premised upon, "the negligent

---

[1] The City stipulated that a police pursuit was underway when Lockett was struck for purposes of resolution of the City's motion for summary judgment.

use of a covered motor vehicle" as is required by OCGA § 36-92-2 (a). This Court recently considered and rejected this argument, however, in *Strength v. Lovett*, supra, 311 Ga. App. at 38 (1), and in *McCobb v. Clayton County*, 309 Ga. App. 217, 219-220 (1) (a) (710 SE2d 207) (2011). In those cases, we held that "a claim that an officer acted with reckless disregard for proper law enforcement procedures in pursuing a fleeing suspect comes within the ambit of claims for negligent use of a city- or county-owned motor vehicle." *Strength*, supra, 311 Ga. App. at 38-39 (1); *McCobb*, supra, 309 Ga. App. at 221 (1) (c).

The City also asserts that there was no waiver of sovereign immunity, because the accident giving rise to Lockett's injuries was not one involving a "covered motor vehicle" as Lockett was struck by a privately-owned vehicle, rather than the APD officers' patrol car. However, the City's argument fails under *Strength*, where, similar to the instant case, it was the fleeing suspect's vehicle, rather than the officer's pursuing police car, that collided with the decedent. *Strength*, supra, 311 Ga. App. at 38 (1).

Thus, under *Strength* and *McCobb*, the City waived its sovereign immunity pursuant to OCGA § 36-92-2 (a), and the trial court properly denied the City's motion for summary judgment on this basis.

2. The City also claims that the trial court's ruling was in error because liability for claims related to police pursuits has never been sustainable in negligence. The City argues that "[i]f the trial court's order stands as is, Georgia law for self-insured municipalities (the City of Atlanta) when it comes to liability for injury claims stemming from police pursuits would permit recovery via negligence, i.e., through OCGA § 36-92-2." In light of this Court's decisions in *Strength* and *McCobb*, however, we find no basis for construing OCGA § 36-92-2 in this fashion.

"Under Georgia law, sovereign immunity is an immunity from suit, rather than a mere defense to liability, and, therefore, whether a governmental defendant has waived its sovereign immunity is a threshold issue." (Citations omitted.) *McCobb*, supra, 309 Ga. App. at 217-218 (1) (a). Contrary to the City's arguments otherwise, the negligence language in OCGA § 36-92-2 (a) goes to the threshold determination of whether a plaintiff can show that sovereign immunity has been waived — not the subsequent determination of whether the plaintiff is in fact entitled to recovery. Where the plaintiff establishes that sovereign immunity has been waived pursuant to OCGA § 36-92-2 (a), she must still prove the more culpable conduct that is required to sustain a claim for damages under OCGA § 40-6-6 (d) (2). Specifically, a police pursuit will not constitute the proximate cause of the plaintiff's damages unless the plaintiff can

establish that "the law enforcement officer acted with reckless disregard for proper law enforcement procedures in the officer's decision to initiate or continue the pursuit." OCGA § 40-6-6 (d) (2); see also OCGA § 40-6-6 (d) (3) ("The provisions of this subsection shall apply only to issues of causation and duty and shall not affect the existence or absence of immunity which shall be determined as otherwise provided by law."). Accordingly, this enumeration of error fails.

*Judgment affirmed. Ellington, C. J., and Doyle, J., concur.*

DECIDED OCTOBER 13, 2011 — 

*Laura Sauriol-Gibris*, for appellant.
*Turkheimer & Hadden, John D. Hadden, Morgan & Morgan, Christopher J. Graddock, Keenan R. Nix*, for appellee.