**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 25, 2012**

# In the Court of Appeals of Georgia

A12A0471. MABRA et al. v. SF, INC. et al.

ANDREWS, Judge.

Ronald E. Mabra, Sr. and All-Pro Foodservice, Inc. filed suit against various defendants asserting claims for tortious interference with existing and prospective business and contractual relations, and conspiracy to tortiously interfere with those relations. Mabra and All-Pro appeal from the trial court's order dismissing their complaint pursuant to OCGA § 9-11-12 (b) (6) for failure to state a claim. For the following reasons, we affirm.

Under OCGA § 9-11-12 (b) (6),

[a] motion to dismiss for failure to state a claim upon which relief can be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof;

and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

*Stendahl v. Cobb County,* 284 Ga. 525 (668 SE2d 723) (2008) (punctuation and citation omitted). Applying these standards, we find that the trial court properly granted motions by all the named defendants to dismiss the complaint, as amended, for failure to state a claim because the tortious interference and conspiracy claims were predicated on allegations showing that the defendants were engaged in privileged business activity and were not liable as a matter of law.

The three-count complaint (a renewal of a previously filed action) alleged in counts one and two that defendant Host International, Inc. tortiously interfered with existing and prospective business and contractual relations arising from a contract that Mabra and All-Pro had with Avendra, LLC, under which Mabra and All-Pro distributed fresh produce to various businesses including to Host for Atlanta airport concessionaires. Although the complaint alleged that Host was not a party to Mabra and All-Pro's distribution contract with Avendra, it alleged that Host interfered with

2

the contract when Host stopped ordering produce for distribution from Mabra and All-Pro and instead ordered produce for distribution from the other named defendants, SF, Inc., d/b/a Collins Wholesale Produce; Collins Brothers Corporation., d/b/a Collins Brothers Produce; and Future Management Corporation., d/b/a Phoenix Wholesale Foodservice (collectively referred to as the Collins defendants). According to the complaint, when Host did this, it unfairly took Avendra's distribution business away from Mabra and All-Pro and gave it to the Collins defendants. The complaint alleged that Mabra and All-Pro received written notice from Host on November 4, 2005, "that their distribution services at the Airport were being terminated within thirty (30) days"; that Host offered no explanation "for unilaterally terminating their distribution services at the Airport without prior authorization, permission or approval from Avendra as the other party to the distribution contract at issue"; and that "[o]n December 6, 2005, [Host] stopped ordering fresh produce from [Mabra and All-Pro] for Airport concessionaires despite the fact that [Mabra/All-Pro] was still under contract with Avendra and performing in good faith." The complaint further alleged that within a month Host began using the Collins defendants to distribute produce to its airport concessionaires, and that the Collins defendants did not qualify as minority-owned businesses to distribute produce at the airport under the City of

3

Atlanta's Equal Business Opportunity program. According to the complaint, Host "conspir[ed] with [the Collins defendants] to steal Airport produce business derived from [Mabra and All-Pro's] distribution contract with Avendra . . . without legal justification or excuse." Count three of the complaint alleged that the decision by Host to order produce to be distributed by the Collins defendants instead of by Mabra and All-Pro was a conspiracy undertaken "in concert with the [Collins defendants] and constitutes a common scheme among all defendants to tortiously interfere with [Mabra and All-Pro's] contractual business relationship with Avendra."

Asserting that the complaint alleged privileged business activity which provided no basis for the tortious interference and conspiracy claims, Host and the Collins defendants moved to dismiss the complaint for failure to state a claim. In response to the motions to dismiss, Mabra and All-Pro amended the complaint. The amended complaint similarly alleged that "[o]n or about November 4, 2005, [Host] induced Avendra to terminate its [produce] distribution contract with [Mabra and All-Pro]" when Host stopped ordering produce from Mabra and All-Pro for distribution to airport concessionaires and within a month started placing produce orders with the Collins defendants in violation of the City of Atlanta's Equal Business Opportunity program. According to the three-count amended complaint, this constituted tortious

4

interference by Host and the Collins defendants with Mabra and All-Pro's actual and prospective contractual relations with Avendra (counts one and two), and a conspiracy between Host and the Collins defendants to steal Mabra and All-Pro's distribution business with Avendra and tortiously interfere with their actual and prospective contractual relations with Avendra (count three). In an apparent attempt to counter claims that the alleged tortious interference was predicated on allegations of privileged business activity, the amended complaint added the following allegations:

> [N]one of the named defendants were parties to a pre-existing network of business relationships that gave rise to Plaintiffs' distribution contract with Avendra. Moreover, none of the named defendants were either actual parties to Plaintiffs' distribution contract with Avendra or third-party beneficiaries of the same. Finally, none of the named defendants had any economic interest in Plaintiffs' distribution contract with Avendra.

In response, Host and the Collins defendants asserted that the factual allegations in the amended complaint still showed that the tortious interference claims were predicated on privileged business activity and again moved to dismiss for failure to state a claim.

To recover on a claim of tortious interference with contract or business relations, a plaintiff must prove the following elements:

(1) improper action or wrongful conduct by the defendant without privilege; (2) the defendant acted purposely and with malice with the intent to injure; (3) the defendant induced a breach of contractual obligations or caused a party or third part[y] to discontinue or fail to enter into an anticipated business relationship with the plaintiff; and (4) the defendant's tortious conduct proximately caused damage to the plaintiff.

*Tidikis v. Network for Medical Communications &c., LLC*, 274 Ga. App. 807, 812 (619 SE2d 481) (2005). To establish under the first element that the defendant acted "without privilege," the plaintiff must show that the defendant was a stranger to the contract or business relation at issue. *ASC Constr. Equip. USA, Inc. v. City Commercial Real Estate, Inc.*, 303 Ga. App. 309, 313 (693 SE2d 559) (2010). Under the so-called "stranger doctrine," "only a stranger to both the contract at issue and the business relationship giving rise to and underpinning the contract may be liable for tortious interference [with the contract or the relationship]." *Perry Golf Course Development , LLC v. Housing Auth. of the City of Atlanta*, 294 Ga. App. 387, 390 (670 SE2d 171) (2008); *Atlanta Market Center Mgmt. Co. v. McLane*, 269 Ga. 604, 608-610 (503 SE2d 278) (1998). "One is not a stranger to the contract just because

6

one is not a party to the contract. . . ." Id. at 608. Those who have a direct economic interest in or would benefit from a contract with which they are alleged to have interfered (even though not intended third-party beneficiaries of the contract) are not strangers to the contract and cannot have tortiously interfered. Id. at 609. Moreover, "all parties to an interwoven contractual arrangement are [not strangers and therefore] not liable for tortious interference with any of the contracts or business relationships." Id. at 609-610.

The tortious interference claims and the related conspiracy claims in both the complaint and the amended complaint were predicated on factual allegations that, even though Host was not a party to the produce distribution contract between Mabra and All-Pro and Avendra, Host terminated or induced termination of the contract when it stopped ordering produce to be distributed by Mabra and All-Pro and subsequently ordered produce to be distributed by the Collins defendants. These factual allegations showed that Host had a direct economic interest in or benefitted from the contract at issue, and therefore Host was not a stranger to the contract or the business relationship. The trial court was not required to accept as true the additional allegation in the amended complaint that "none of the named defendants had any economic interest in Plaintiffs' distribution contract with Avendra." Though couched

7

as a factual allegation, this constituted a mere legal conclusion that Host and other defendants had no economic interest in the contract sufficient to qualify them as non-strangers whose actions were privileged. No facts were alleged to support this conclusion. To the contrary, the factual allegations in the amended complaint compel the opposite legal conclusion that Host was not a stranger to the contract; that its alleged actions were privileged for purposes of the tortious interference claims; and that, as a matter of law, Host could not be liable on those claims. *Perry Golf*, 294 Ga. App. at 390; *Atlanta Market*, 269 Ga. at 608-610. In considering a motion to dismiss for failure to state a claim, the trial court is required to take the factual allegations in the complaint as true. *Brantley v. Dept. of Human Resources*, 271 Ga. 679 n. 3 (523 SE2d 571) (1999). But in the absence of any specifically pled facts to support what amounted to a legal conclusion couched as fact, the trial court was not required to accept this conclusion as true. *Novare Group, Inc. v. Sarif*, 290 Ga. 186, 191 (718 SE2d 304) (2011) (applying this rule in the context of a judgment on the pleadings[1]); see *Papasan v. Allain*, 478 U. S. 265, 286 (106 SC 2932, 92 LE2d 209) (1986) (in

---

[1] A motion for judgment on the pleadings, without the introduction of affidavits, depositions or interrogatories in support of the motion, is the equivalent of a motion to dismiss a complaint for failure to state a claim. *McCobb v. Clayton County*, 309 Ga. App. 217 (710 SE2d 207) (2011).

considering a motion to dismiss for failure to state a claim, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."). Because Host was not a stranger and acted with privilege when it changed distributors from Mabra and All-Pro to the Collins defendants, it follows that the Collins defendants could not have tortiously interfered, as alleged, by accepting the distribution business that Host obtained by privileged action. Additional allegations that the Collins defendants did not qualify as minority-owned businesses under the City of Atlanta's Equal Business Opportunity program did not provide a basis for the tortious interference claims. Without any basis in law for the underlying tortious interference claims against Host and the Collins defendants, the allegations that Host and the Collins defendants conspired to tortiously interfere do not set forth an independent cause of action. *Savannah College of Art & Design v. School of Visual Arts &c.*, 219 Ga. App. 296, 297 (464 SE2d 895) (1995).

"A complaint may be dismissed on motion [for failure to state a claim] if clearly without any merit; and this want of merit may consist in an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim, or in the disclosure of some fact which will necessarily defeat the claim." *Poole v. City of Atlanta*, 117 Ga. App. 432, 434 (160 SE2d 874) (1968) (punctuation and citation

9

omitted); see *Novare Group,*, 290 Ga. at 191 (authorizing judgment on the pleadings where undisputed facts in the pleadings established that the movant was entitled to judgment as a matter of law). Based on factual allegations in the amended complaint showing that Host was not a stranger to the contract and took privileged action, the trial court properly dismissed the amended complaint for failure to state a claim because it disclosed as a matter of law that Mabra and All-Pro would not be entitled to the relief sought against the defendants under any state of provable facts or evidence that could be introduced within the framework of the complaint. *LaSonde v. Chase Mortgage Co.*, 259 Ga. App. 772, 774 (577 SE2d 822) (2003); *Perry Golf*, 294 Ga. App. at 390-391.

*Judgment affirmed. Boggs, J., concurs. Doyle, P. J., concurs in the judgment only.*