[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10051
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-02130-WSD


JUSTIN LEE,

Plaintiff - Appellant,

versus

CATERPILLAR, INC.,

Defendant - Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 9, 2012)

Before MARCUS, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Justin Lee appeals from the district court's order granting

Defendant-Appellee Caterpillar, Inc.'s motion for judgment on the pleadings in Lee's state-law action arising out of the termination of Lee's employment by one of Caterpillar's contractors, Supply Chain Services International, Inc. ("SCSI"). In his complaint, Lee alleged that Caterpillar caused SCSI to terminate Lee's employment when Caterpillar falsely reported to SCSI that Lee had been involved in an altercation at Caterpillar's assembly plant in Griffin, Georgia. The district court held that Lee's complaint alleged a single claim for defamation, which was time-barred, and there was no basis on which to toll the statute of limitations. The district court also rejected Lee's argument that his complaint actually comprised five separate causes of action, but nevertheless analyzed the elements of these claims and concluded that Lee had failed to state a claim as to any of them. On appeal, Lee argues that: (1) the district court erred in holding that no other claims besides a defamation claim were alleged in the complaint; (2) the district court erred in concluding that Lee's tortious-interference-with-employment claim failed to allege that Caterpillar was a stranger to Lee's employment relationship with SCSI; and (3) the district court erred in concluding that Lee's negligence claim failed to allege that Caterpillar owed any duty to him. After thorough review, we affirm.

We review de novo the district court's grant of judgment on the pleadings, applying the same legal standard as the trial court. See Hart v. Hodges, 587 F.3d

1288, 1290 n.1 (11th Cir. 2009).  Judgment on the pleadings under Fed. R. Civ. P. 12(c) is appropriate only "when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts."  Cunningham v. District Attorney's Office for Escambia County, 592 F.3d 1237, 1255 (11th Cir. 2010).  In considering a motion for judgment on the pleadings, the court should resolve all reasonable doubts about the facts in the favor of the non-movant, and draw all justifiable inferences in his or her favor.  See id.  Moreover, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'"  Financial Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (quotation omitted).

First, we find no merit in Lee's argument that the district court erred in granting judgment on the pleadings for his tortious-interference-with-employment claim.[1]  To state a claim for tortious interference with employment under Georgia law, a plaintiff must allege: (1) the existence of an employment relationship; (2) interference by one

---

[1] To begin with, we need not address whether Lee's complaint properly framed his claims because the district court never required him to provide a more definite statement and instead addressed the claims on the merits.

3

who is a "stranger" to the relationship; and (3) resulting damage to the employment relationship.  See Hylton v. American Ass'n, 448 S.E.2d 741, 744 (Ga. App. Ct. 1994).  In tortious interference cases, the term "stranger" has been interpreted broadly by Georgia courts.  See Britt Paulk Ins. Agency, Inc. v. Vandroff Ins. Agency, Inc., 952 F. Supp. 1575, 1584 (N.D. Ga. 1996) (citing cases).  "One is not a stranger to the contract just because one is not a party to the contract." Mabra v. SF, Inc., 728 S.E.2d 737, 740 (Ga. App. 2012) (quotation omitted).  "Those who have a direct economic interest in or would benefit from a contract with which they are alleged to have interfered (even though not intended third-party beneficiaries of the contract) are not strangers to the contract and cannot have tortiously interfered." Id.  Moreover, "all parties to an interwoven contractual arrangement are [not strangers and therefore] not liable for tortious interference with any of the contracts or business relationships." Id. (quotation omitted).

Here, Lee admits in his brief that Caterpillar contracts with various vendors and staffing services (including SCSI) for, among other things, inspection and auditing services for incoming parts and outgoing engine and generator assemblies.  Through SCSI, Lee worked at a Caterpillar facility as an auditor to provide inspection services of engine assemblies prior to deliver to Caterpillar's customers.  Lee's position arose out of the increasing number of complaints Caterpillar was receiving from its

4

customers regarding the quality of Caterpillar's products. To address these concerns, an independent auditor position was created to assure Caterpillar's customers of the quality of products being manufactured by Caterpillar. Lee alleges that Caterpillar's actions that are the subject of this action are in retaliation for the number of negative citations that Lee made against Caterpillar during the course of performing his job as an auditor. Based on these allegations, it is clear that Caterpillar was not a stranger to the employment contract between Lee and SCSI. SCSI employed Lee to provide services to Caterpillar based on a contract between Caterpillar and SCSI, and Caterpillar therefore benefitted from Lee's employment contract with SCSI. Lee's assertion that only Caterpillar's customers (and not Caterpillar itself) benefitted from the contract carries no weight -- Caterpillar clearly benefits if its customers receive better products from Caterpillar.

As for Lee's claim that Caterpillar "contracted" away its right to argue that it is not a stranger, this argument was not raised below. See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir.2004) (noting that we have "repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered") (quotation omitted)).[2] In any event, Lee fails to

---

[2] Lee also complains that he had no opportunity before the district court to raise his waiver argument. However, Lee had more than enough opportunity to establish the "stranger" element of the tort, since it was Lee's burden, as the plaintiff, to somehow establish the elements

5

explain how -- even if this allegation were true -- Caterpillar's agreement not to interfere with or wrongfully influence SCSI's employment decisions (included in its contract with SCSI) means that Caterpillar is a stranger as a matter of law for purposes of a tortious interference claim.  He also cites no case law in support of his argument.  Nor does he cite any case law in support of the proposition that the "stranger" element is an affirmative defense, rather than an element he must prove. In short, Lee has failed to establish the elements of a tortious interference claim.

We are also unpersuaded by his claim that the district court erred in granting judgment on the pleadings for his negligence claim.  To state a claim for negligence, a plaintiff must allege: (1) a legal duty; (2) a breach of this duty; (3) an injury; and (4) a causal connection between the breach and the injury.  Rasnick v. Krishna Hospitality, Inc., 713 S.E.2d 835, 837 (Ga. 2011).  "Before negligence can be predicated upon a given act, some duty to the individual complaining must be sought and found, the observance of which duty would have averted or avoided the injury or damage."  City of Douglasville v. Queen, 514 S.E.2d 195, 197 (Ga. 1999) (quotation omitted).  Lee claims that he alleged the duty element by pleading that "Defendant ha[d] a duty and obligation not to improperly interfere with or wrongfully influence the employment determinations of SCSI or otherwise improperly

_____

of his claims in the complaint itself.  See Financial Sec. Assur., 500 F.3d at 1282-83.

6

manipulate the auditing services provided by SCSI." However, while this allegation describes a purported duty to SCSI, it notably describes no duty to Lee himself. Lee failed to allege any other duty on which his negligence claim is based before the district court, and therefore has waived any argument on this issue. Access Now, 385 F.3d at 1331.

Nevertheless, Lee now claims for the first time on appeal that Caterpillar had a "general duty" not to subject others to unreasonable risk of harm under Georgia law. See Braun v. Soldier of Fortune Magazine, Inc., 968 F.2d 1110, 1114 (11th Cir. 1992) ("Georgia courts recognize a general duty one owes to all the world not to subject them to an unreasonable risk of harm") (citing Bradley Center, Inc. v. Wessner, 296 S.E.2d 693 (Ga. 1982)). However, the Georgia Supreme Court has instructed that in these general negligence cases, "the common law and statutes regard conduct involving an unreasonable risk of harm as antisocial conduct. This is the essence of negligence law." Ellington v. Tolar Const. Co., 227 S.E.2d 336, 339 (Ga. 1976) (emphasis added). Lee cites nothing for the proposition that Caterpillar's statements to SCSI and Lee's termination amount to the "unreasonable risk of harm" envisioned by the "general duty" standard in Bradley Center or Ellington.

Indeed, all of the cases cited by Lee involved some sort of serious act or omission resulting in physical injury or death -- such as publishing an advertisement

7

for a hired killer, obstructing a roadway with a company's trash container, or leaving a gun accessible to a prisoner on work detail, <u>see</u> Blue Br. at 17-18 -- and Lee provides nothing of the sort in his case. At most, he says that Caterpillar selectively reported about an altercation involving Lee to SCSI, and failed to give Caterpillar exculpatory evidence. This allegation does not satisfy the duty standard of Georgia's negligence cause of action.[3]

**AFFIRMED.**

---

[3] As for Lee's claim that negligence claims in Georgia are not susceptible to pretrial adjudication, Georgia courts have clearly held that under Georgia law, the existence of a legal duty presents a threshold question of law for the court. <u>First Federal Sav. Bank of Brunswick v. Fretthold</u>, 394 S.E.2d 128, 131 (Ga. App. 1990).