**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

_**DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.**_

**September 14, 2021**

# In the Court of Appeals of Georgia

A21A1133. HALL v. CITY OF BLAKELY.

MERCIER, Judge.

Sandy Anne Hall filed a lawsuit claiming that her vehicle was hit by a City of Blakely Fire Department pick-up truck and she suffered injuries. The city filed a motion for judgment on the pleadings, arguing that Hall's ante-litem notice failed to provide the "specific amount of monetary damages being sought" from the city,

pursuant to OCGA § 36-33-5 (e).[1] The trial court granted the city's motion, and Hall filed this appeal.

"We review the grant of a motion to dismiss a complaint de novo." *Picklesimer v. City of Eatonton*, 356 Ga. App. 504 (847 SE2d 863) (2020). In lawsuits against municipal corporations, "[t]he giving of the ante litem notice in the manner and within the time required by the statute is a condition precedent to the maintenance of a suit on the claim." *Manzanares v. City of Brookhaven*, 352 Ga. App. 293, 299 (2) (834 SE2d 358) (2019) (citation, punctuation and emphasis omitted).

The sole issue on appeal is whether Hall's ante litem notice provided "the specific amount of monetary damages" she sought from the City of Blakely as required by OCGA § 36-33-5 (e). Hall's ante litem notice stated:

> Our client will be making claims for the injuries and damages, including, but not limited to, all property damages claims, all general damages and all special damages including but not limited to all

---

[1] Where, as here, "the movant does not introduce affidavits, depositions or interrogatories in support of the motion, such motion is equivalent of a motion to dismiss the complaint for failure to state a claim upon which relief can be granted." *Hewell v. Walton County*, 292 Ga. App. 510, 511 (1) (664 SE2d 875) (2008) (citation and punctuation omitted). The exhibits attached to the complaint, including the ante litem notice in the present matter, are part of the complaint and should be considered by a court ruling on a motion to dismiss. See OCGA § 9-11-10 (c); *Wright v. City of Greensboro*, 350 Ga. App. 685, 686 (n. 2) (830 SE2d 228) (2019).

2

personal injury claims, medical bills, pain and suffering, loss of wages, if applicable, and reasonable attorneys fees proximately caused by the injuries sustained by Sandy this [sic] early stage post trauma for her doctor to give a prognosis but she is having ongoing pain and restrictions, has lost a couple of days from work, has incurred a reduction and other changes in her work routine and duties as well as her work schedule. So at this point we will be seeking a monetary amount of no less than $350,000.00 and no more than two million dollars.

OCGA § 36-33-5 (e) requires that the description of the extent of the injury in the notice "shall include the specific amount of monetary damages being sought from the municipal corporation. The amount of monetary damages set forth in such claim shall constitute an offer of compromise." If the claim is not settled by the municipal corporation and the matter proceeds to litigation, "the amount of monetary damage set forth in such claim shall not be binding on the claimant." OCGA § 36-33-5 (e).

The purpose of the ante litem notice requirement is to give the municipality the opportunity to investigate potential claims, ascertain the evidence, and avoid unnecessary litigation. In other words, requiring a claimant to provide the municipality with specific information about his or her claim and alleged injuries, as well as a demand for the specific amount of monetary damages the claimant is seeking as compensation

3

for such injuries, allows the municipality to make an informed decision about whether to accept the "offer of compromise," make a counteroffer, or otherwise resolve the claim in order to avoid litigation.

*Wright v. City of Greensboro*, 350 Ga. App. 685, 689 (1) (830 SE2d 228) (2019) (citations and punctuation omitted).

The General Assembly added subsection (e) to the ante-litem statute in 2014, and neither this Court, nor the Supreme Court, has expressly decided whether OCGA § 36-33-5 (e) requires substantial or strict compliance. See *Picklesimer*, supra at 505-506. However, "even if only substantial compliance is required for subsection (e), a notice does not substantially comply with subsection (e) unless a specific amount is given." *Davis v. City of Valdosta*, 357 Ga. App. 900, 901 (852 SE2d 859) (2020) (citation and punctuation omitted). In the present case, we need not resolve the issue of which compliance is required, as Hall failed to state a *specific amount* sought. See *Picklesimer*, supra at 506.

In *Davis*, supra, the plaintiff's ante-litem notice stated that the plaintiff "hereby claims damages covering the past, present and future medical bills associated with these injuries, in [the] amount of $30,000.00. [She] additionally hereby claims general damages for pain and suffering, in an amount not less than $20,000." Id. at 900. The

4

*Davis* plaintiff argued that she was making an offer to settle her claim for $50,000 and therefore met the statutory requirements. Id. at 901. We disagreed and affirmed the trial court's dismissal of the complaint, holding that the notice "indicates that the value of the claim is some unknown number above $50,000 and makes no statement with regard to the amount being sought. An unknown number above $50,000 is too indefinite to constitute a binding offer of settlement." Id. at 901-902 (citation and punctuation omitted).

Similarly, here Hall argues that her claim of "no less than $350,000.00 and no more than two million dollars" complied with the statutory requirements because "had the City agreed to pay, for example, $390,000, it would have been able to enforce that settlement[.]" However, "a notice does not substantially comply with subsection (e) unless a *specific amount* is given that would constitute an offer that could be accepted by the municipality." *Manzanares*, supra at 296 (1) (citation and punctuation omitted; emphasis supplied). Hall's notice, seeking an unknown number between $350,000 and two million dollars, was too indefinite to constitute a binding offer of settlement. See *Picklesimer*, supra at 505-506 (notice stating that the damages were "likely to exceed $100,000" failed to comply with subsection (e)); *Manzanares*, supra at 297 (1) (notice stating that "the value of this claim may exceed $250,000"

5

failed to meet statutory ante litem requirements). As the trial court noted, the City of Blakely could not "accept" the notice's purported offer of compromise, as there was no specific amount offered.

Hall also claims that the range of "no less than $350,000.00 and no more than two million dollars" provided in the notice was appropriate "in light of the uncertainty of damages at that time." However, subsection (e)

> does not require a potential plaintiff to provide the actual dollar amount of the damages allegedly incurred, which might be difficult to quantify . . . Instead, the provision requires the ante litem notice to provide 'the specific amount of monetary damages being sought' from the city, i.e., a settlement offer.

*Wright*, supra at 689-690 (1) (citations omitted). "The fact that a claimant is still undergoing medical treatment . . . does not prevent a plaintiff from providing a demand for a specific monetary amount of damages being sought from the City as compensation for the plaintiff's injuries as required by OCGA § 36-33-5 (e)." *Pickens v. City of Waco*, 352 Ga. App. 37, 44 (1) (833 SE2d 713) (2019) (notice, which stated that "the value of this claim may exceed $300,000," failed to provide a specific amount pursuant to the statute.)

6

By failing to provide a specific amount that would constitute a binding offer of settlement that could be accepted by the municipality, Hall's notice failed to strictly or substantially comply with subsection (e). See *Davis,* supra at 901-902. Compare *City of Lafayette v. Chandler,* 354 Ga. App. 259 (840 SE2d 638) (2020) (demand that stated "we will seek to recover $1,000,000.00 (one million dollars) in monetary damages on [the plaintiff's] behalf" was a specific amount of monetary damages that could constitute an offer of compromise and complied with the ante litem notice requirements). Accordingly, we affirm the trial court's dismissal.

*Judgment affirmed. Dillard, P. J., and Pinson, J., concur.*