**FOURTH DIVISION**
**DILLARD, P. J.,**
**BROWN and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 3, 2024**

# In the Court of Appeals of Georgia

A24A1014. HOOKS v. ROCKDALE COUNTY et al.

PADGETT, Judge.

This appeal arises from Lacresa Hooks's lawsuit for false arrest, false imprisonment, and related claims following her arrest and detention by Rockdale County law enforcement on animal cruelty charges.[1] The trial court granted judgment on the pleadings based on sovereign immunity to Rockdale County and the Rockdale County Sheriff, Eric Levett[2] (collectively, "the County"). On appeal, Hooks argues that the County waived its sovereign immunity based on her detention and transport

---

[1] The charges were ultimately dismissed.

[2] "[S]tyling a claim against a county officer in his official capacity is simply a way of pleading a claim against the county itself." *McBrayer v. Scarbrough*, 317 Ga. 387, 392 (2) (a) (893 SE2d 660) (2023) (citation and punctuation omitted).

in an insured County motor vehicle. For the reasons below, we affirm the trial court's decision.

"On appeal, we review de novo the trial court's decision on a motion for judgment on the pleadings, and we construe the complaint in a light most favorable to the appellant, drawing all reasonable inferences in [her] favor." *Hewell v. Walton County*, 292 Ga. App. 510, 510-511 (664 SE2d 875) (2008) (citation and punctuation omitted). So viewed, the complaint shows that Hooks sued the County, County Animal Control employee Andrew Henkle, and County Sheriff's Investigator Stephen J. Rutledge, for false arrest and false imprisonment,[3] stemming from her October 2018 arrest and detention.[4] Hooks alleged that she had contacted Rockdale County Animal Control for medical help for her dog, who had been missing but had been returned home and was injured, looking to Hooks as if the dog had been attacked by neighbors or other dogs. Henkle responded to the call, and, after observing the dog, believed

---

[3] Hooks also raised claims of assault and battery against Henkle and Rutledge, but they were not parties to the County's motion for judgment on the pleadings and are not parties to this appeal.

[4] Hooks also raised a claim of "unlawful detention," but this is functionally the same claim as her false imprisonment claim. See OCGA § 51-7-20 ("False imprisonment is the unlawful detention of the person of another, for any length of time, whereby such person is deprived of h[er] personal liberty.").

Hooks may have been responsible for the injuries. Henkle called Investigator Rutledge, who went to Hooks's house and ultimately arrested her for animal cruelty. The injured dog was taken to a vet and put to sleep, and Henkle confiscated Hooks's other two dogs, who were well nourished and kept. Hooks was transported to jail, where she stayed for two to three days.[5] As part of her bond conditions, she was not able to have her pets. In October 2019, the charges against her were dismissed.

Hooks alleged in her complaint that the County was responsible for hiring, supervising, training, and disciplining Henkle and Rutledge, and the County's failure to properly train them resulted in her injury. After Hooks filed her complaint, the County filed a motion for judgment on the pleadings on the basis of sovereign immunity. Hooks then amended her complaint, adding the allegation that Rutledge placed and transported her in an insured County Sheriff's vehicle following her arrest, which she argued waived the County's sovereign immunity. She also filed a response in opposition to the County's motion for judgment on the pleadings, contending that Rutledge had used the County vehicle in the furtherance of the false imprisonment, false arrest, assault, and battery.

---

[5] Hooks alleged in her complaint that she stayed in jail for three days, but in her brief she states it was two days.

Following a hearing, the trial court granted the County's motion for judgment on the pleadings, finding no basis for a waiver of the County's sovereign immunity, dismissed the County from the action, and directed entry of final judgment as to the County under OCGA § 9-11-54 (b). This appeal followed.

Hooks argues that the trial court erred in granting judgment on the pleadings in the County's favor based on sovereign immunity. We disagree.

The Georgia Constitution provides that

> [e]xcept as specifically provided in this Paragraph, sovereign immunity extends to the state and all of its departments and agencies. The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver.

Art. I, Sec. II, Par. IX, Ga. Const. (1983). This sovereign immunity extends to counties. *Gilbert v. Richardson*, 264 Ga. 744, 746-747 (2) (452 SE2d 476) (1994). However, the General Assembly provided that, if a county obtains liability insurance for certain damages "arising by reason of ownership, maintenance, operation, or use of any motor vehicle by the [county,]" the county waives its sovereign immunity "for a loss arising out of claims for the negligent use of a covered motor vehicle." OCGA

§ 33-24-51 (a), (b). The sovereign immunity waiver of OCGA § 33-24-51 is tied to OCGA § 36-92-2, which sets limits for the amount of the insurance coverage and consequent waiver, and also notes that the waiver applies to "a loss arising out of claims for the negligent use of a covered motor vehicle."

"[S]tatutes providing for a waiver of sovereign immunity are in derogation of the common law and thus are to be strictly construed against a finding of waiver." *Upshaw v. Columbus Consolidated Gov't*, 369 Ga. App. 524, 533 (3) (894 SE2d 75) (2023) (citation and punctuation omitted). The party seeking to benefit from a sovereign immunity waiver has the burden of establishing the waiver. *Ramos v. Owens*, 366 Ga. App. 216, 216 (881 SE2d 464) (2022).

Here, to establish a waiver of sovereign immunity, Hooks is required to prove that the negligent use of the County vehicle was both the cause in fact and the proximate cause of her injury. *Rampell v. Williams*, 217 Ga. App. 292, 293-294 (2) (457 SE2d 224) (1995). Hooks alleges that her claims arise from the use of the County vehicle because she was loaded into and restrained in a patrol car, and the officer used the vehicle to violate her and her rights. She relies on *McBrayer v. Scarbrough*, 317 Ga. 387 (893 SE2d 660) (2023), in which the Supreme Court addressed the meaning of the

5

word "use," as it is employed in the phrase "use of a covered motor vehicle," in OCGA §§ 33-24-51 and 36-92-2, for purposes of determining whether sovereign immunity has been waived. Id. at 390-391 (2). The Supreme Court concluded in part that "loading a person into or restraining a person in a patrol car constitutes a 'use' of a patrol car as to which sovereign immunity is waived under OCGA §§ 33-24-51 (b) and 36-92-2." Id. at 396-397 (2) (d).

However, "OCGA § 36-92-2 (a) also requires a showing of 'the *negligent* use of a covered motor vehicle,' in order to provide for a waiver of county sovereign immunity."[6] *Upshaw*, 369 Ga. App. at 535 (3). Hooks raised claims of false imprisonment, false arrest, assault, and battery, all intentional torts, not acts of negligence.[7]

---

[6] The term "negligent" is not defined in OCGA § 33-24-51 (b) or § 36-92-2, but we have noted in a recent case discussing the same terms in these statutes that the Oxford English Dictionary defines "negligent" as "[i]nattentive to what ought to be done; failing to take proper, necessary, or reasonable care[,]" and "[c]haracterized by or displaying carelessness." *Upshaw*, 369 Ga. App. at 535 (3) (citation and punctuation omitted).

[7] See *Stewart v. Williams*, 243 Ga. 580, 582 (1) (255 SE2d 699) (1979) (noting that false imprisonment is an intentional tort); OCGA § 51-7-1 (defining "false arrest" as "[a]n arrest under process of law, without probable cause, when made maliciously"); *Soundara v. AMB Sports & Entertainment*, 371 Ga. App. 285, 293 (3) (a) (899 SE2d 428) (2024) (stating that assault and battery are intentional torts).

We find this case distinguishable from *McBrayer*. In that wrongful death case, a suspect died in the back seat of a police vehicle following an officer's attempt to subdue him, but the officer did not intend for the suspect to die or suffer great bodily harm. *McBrayer*, 317 Ga. at 388-389 (1). In that instance, the use of the vehicle, though intentional, was nevertheless "negligent" because the officer did not intend to injure the suspect. See *Upshaw*, 369 Ga. App. at 536 (3), citing *McBrayer*, 317 Ga. at 396-397 (2) (d). By contrast, in the instant case, the allegation is that the officer intentionally used the vehicle to detain and transport Hooks as part of her alleged false arrest and false imprisonment.

In *Upshaw*, a post-*McBrayer* decision of this Court, an officer used his patrol vehicle in an intentional manner to strike a suspect in order to neutralize a perceived threat, resulting in the suspect's death. Id. at 535-536 (3). We concluded that such intentional use of the patrol vehicle did not amount to the "negligent use of a covered motor vehicle" so as to give rise to a waiver of sovereign immunity. Id. at 536 (3).

Given that we must strictly construe OCGA §§ 33-24-51 (b) and 36-92-2 against a finding of waiver, we conclude that the allegations of Hooks's amended complaint also did not amount to the "negligent use of a covered motor vehicle" so as to give

rise to a waiver of sovereign immunity. Accordingly, Hooks did not meet her burden, and we affirm the trial court's decision.

*Judgment affirmed. Dillard, P. J., and Brown, J., concur.*